UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | Case No. 09-17582 |
| Nachshon Draiman, | ) | Hon. John H. Squires |
| | ) | Hearing Date: January 4, 2010 |
| Debtor. | ) | Time: 10:00 a.m. |

**Final Agreed Order to Provide Adequate Protection to Cole Taylor Bank**

THIS CAUSE comes before this Court on the Motion for Relief from Automatic Stay filed by Cole Taylor Bank ("Motion") and the objection thereto filed by Dynegy Marketing and Trade ("Objection"), due notice having been given; the Debtor and Cole Taylor Bank having reached agreement on the terms of an agreed adequate protection order with respect to the properties which are the subject of the Motion; the Court having overruled the Objection and the Court being otherwise fully advised in the premises:

IT IS HEREBY ORDERED that:

1. Nachshon Draiman, debtor, is authorized and directed to provide to Cole Taylor Bank _and Dynegy Marketing and Trade ("Dynegy")_ an accounting of the rents received from the Properties described in the Motion since the filing of this case, the expenses incurred in connection with the operation and maintenance of the Properties and the net remaining rents which are currently maintained in accounts managed by the Debtor for the Properties, which accounting shall be provided within twenty-one (21) days of the entry of this Order. Cole Taylor Bank and Debtor agree that allowable operating expenses for the Properties will be monthly assessments, real estate taxes, maintenance fees and insurance, each prorated on a monthly basis ("Operating Expenses").

2. Upon the completion and delivery of the accounting referred to in paragraph 1 of this order, but in no event later than twenty one (21) days from the entry of this Order, Debtor shall remit to Cole Taylor Bank the full amount of the Net Rents collected for the Properties as and for adequate protection of the interests of Cole Taylor Bank in the Properties to be applied by Cole Taylor Bank to the amounts due under the Notes which are secured by the Mortgages on the Properties.

3. Thereafter, Debtor shall on or before the 15th day of each month, commencing on January 15, 2010, provide Cole Taylor *and D [illegible]* with an accounting of the rents collected from the Properties and the Operating Expenses incurred in connection with the operation of the Properties and shall pay to Cole Taylor the amount shown as the Net Rents for the Properties collected for the prior month as continuing adequate protection payments with respect to Cole Taylor Bank's interest in the Properties.

4. In the event that Debtor fails to timely comply with the payment and accounting provisions of paragraphs 1 through 3 above, Cole Taylor Bank may mail a Notice of Default to debtor and Debtor's counsel *and D [illegible]*. Debtor shall have fourteen (14) days from the date of mailing within which to cure the existing default. If Debtor fails to cure the default, then on the fifteenth (15th) day the Automatic Stay in this case shall terminate for all purposes as to Cole Taylor Bank to permit Cole Taylor Bank to proceed with its rights and remedies under applicable state law against the Properties. Any election by Cole Taylor to delay or forego sending a notice of default with respect to an asserted default by Debtor shall be without prejudice to Cole Taylor Bank's right to assert a default pursuant to this paragraph for any subsequent act or failure to act by Debtor.

5. In the event this Bankruptcy Case is dismissed, converted to a chapter 7 proceeding or a plan is confirmed in the case, this Agreed Order shall be terminated and have no further force and effect.

6. The terms of this Order shall not be binding upon and shall be superseded by the terms contained in any confirmed Chapter 11 Plan.

Dated: January 4, 2010

ENTER:

_____
Honorable John H. Squires
United States Bankruptcy Judge

Joseph A. Baldi
Donna B. Wallace
Joseph A. Baldi & Associates, P.C.
19 South LaSalle Street   Suite 1500
Chicago, IL  60603
(312) 726-8150

**AGREED AND APPROVED:**

**Cole Taylor Bank**

By: _____
One of its attorneys

Nachshon Draiman, debtor and debtor in possession

By: _____
One of his attorneys