## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **NACHSHON DRAIMAN** | ) | **Case No.  09-17582** |
| | ) | **Hon. John H. Squires** |
| | ) | **Hearing Time: 9:30 a.m.** |
| Debtor. | ) | **Hearing Date: November 4, 2010** |

### NOTICE OF APPLICATION

To:  See Attached Service List

        PLEASE TAKE NOTICE that on November 4, 2010 at 9:30 a.m. or as soon thereafter as counsel may be heard, we shall appear before the Honorable John H. Squires, Bankruptcy Judge, or any judge sitting in his stead, in Courtroom 680, United States Bankruptcy Court, 219 S. Dearborn, Chicago, Illinois and present a **FIRST AND FINAL APPLICATION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES OF RALPH, SCHWAB & SCHIEVER, CHTD., DEBTOR'S INITIAL GENERAL BANKRUPTCY COUNSEL**, a copy of which is attached hereto and is herewith served upon you, and shall pray for the entry of an Order in compliance therewith, a draft of which Order is attached hereto and is herewith served upon you.

                                        By: /s/ Michael L. Ralph, Sr.

Michael L. Ralph, Sr. (Attorney No. 2279304)
David J. Schwab (Attorney No. 6204333)
Carey J. Schiever (Attorney No. 2481065)
Michael L. Ralph, Jr. (Attorney No. 6270469)
Joel H. Norton (Attorney No. 6286977)
Sharanya Gururajan (Attorney No. 6286295)
RALPH, SCHWAB & SCHIEVER, CHTD.
175 East Hawthorn Parkway, Suite 345
Vernon Hills, Illinois  60061
Telephone: (847) 367-9699
Facsimile: (847) 367-9621
mralph@rss-chtd.com
djschwab@rss-chtd.com
cschiever@rss-chtd.com
mlralph@rss-chtd.com
jnorton@rss-chtd.com
sgururajan@rss-chtd.com

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that I caused a true and correct copy of the foregoing Notice of Motion and **FIRST AND FINAL APPLICATION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES OF RALPH, SCHWAB & SCHIEVER, CHTD., DEBTOR'S INITIAL GENERAL BANKRUPTCY COUNSEL** identified therein to be served upon the persons listed on the following Service List via the CM/ECF electronic filing system, and First Class U.S. Mail by depositing same in the U.S. Mail collection box at 175 E. Hawthorn Parkway, Vernon Hills, Illinois prior to 5:00 p.m., on October 12, 2010.

/s/ Michael L. Ralph, Sr.

## SERVICE LIST

William T. Neary
Office of the United States Trustee
219 S. Dearborn St.
Room 873
Chicago, IL 60604

Nachshon Draiman
7514/20 North Skokie Boulevard
Skokie, IL 60077

Scott R. Clar
Crane Heyman Simon Welch & Clar
135 S. LaSalle
Suite 3705
Chicago, IL 60603

David E. Cohen
55 West Monroe Street
Suite 600
Chicago, IL 60603

Patricia J. Fokuo
Schiff Hardin LLP
6600 Sears Tower
Chicago, IL 60606

Eugene J. Geekie, Jr.
Schiff Hardin LLP
7500 Sears Tower
Chicago, IL 60606

Fred R. Harbecke
Attorney at Law
29 South LaSalle, Suite 945
Chicago, IL 60603

Ayad P. Jacob
Schiff Hardin LLP
6600 Sears Tower
Chicago, IL 60606

Georgia L. Joyce
Chittenden, Murday & Novotny LLC
303 W. Madison St.
Chicago, IL 60606

Terri M. Long
Law Office of Terri M. Long
18201 Morris Avenue
Homewood, IL 60430

Francis J. Pendergast III
Crowley & Lamb, P.C.
350 N. LaSalle St., Suite 900
Chicago, IL 60654

Yanick Polycarpe
Pierce & Associates, P.C.
1 North Dearborn
Suite 1300
Chicago, IL 60602

Amy M. Rapoport
Aronberg Goldgehn Davis & Garmisa
330 N. Wabash Ave., Suite 1700
Chicago, IL 60611

Tiffany R. Redding
Schiff Hardin LLP
6600 Sears Tower
Chicago, IL 60605

Morgan M. Smith
Dykema Gossett PLLC
10 S. Wacker Dr., Suite 2300
Chicago, IL 60606

Pia Thompson
Kovitz Shifrin Nesbit
750 W. Lake Cook Rd., Suite 350
Buffalo Grove, IL 60089

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| **NACHSHON DRAIMAN** | ) | **Case No.  09 B 17582** |
| | ) | **Hearing Date: November 4, 2010** |
| | ) | **Hearing Time: 9:30 a.m.** |
| Debtor. | ) | **Hon. John H. Squires** |

**FIRST AND FINAL APPLICATION FOR ALLOWANCE OF
COMPENSATION AND REIMBURSEMENT OF EXPENSES OF
RALPH, SCHWAB & SCHIEVER, CHTD.,
DEBTOR'S INITIAL GENERAL BANKRUPTCY COUNSEL**

Ralph, Schwab & Schiever, Chartered, initial general bankruptcy attorneys for Nachshon Draiman (Debtor), pursuant to §§330 and 331 of the United States Bankruptcy Code ("Code"), requests the entry of an order allowing and directing the Debtor to pay Ralph, Schwab & Schiever, Chartered forthwith an award of $144,642.25 as compensation for 591.25 hours of legal services rendered and $6,766.54 for reimbursement of expenses incurred in connection with its legal services.   This is Ralph, Schwab & Schiever, Chartered's first and final application for compensation and reimbursement of expenses in this case from its commencement on May 14, 2009 through November 12, 2009, the date of the entry of an Order granting Ralph, Schwab & Schiever, Chartered's Motion To Withdraw as General Bankruptcy Counsel for the Debtor.

## BACKGROUND REGARDING COMMENCEMENT OF PROCEEDINGS

1.    On May 14, 2009, ("Petition Date"), Nachshon Draiman ("Debtor") filed a Voluntary Petition under Chapter 11 of the United States Bankruptcy Code ("Code").   Pursuant to §§ 1107 and 1108 of the Code, the Debtor

continued in possession of his assets and conducted his business and managed his financial affairs as a Debtor-in-Possession.

2.    On May 18, 2009, Debtor filed its Application to Employ Ralph Schwab & Schiever, Chartered pursuant to 11 U.S.C. § 327 and Bankruptcy Rule 2014.   On June 5, 2009, this Court entered an Order authorizing the Debtor to employ Michael L. Ralph, Sr., David J. Schwab, Carey J. Schiever, Michael L. Ralph, Jr. and Joel H. Norton and the law firm of Ralph, Schwab & Schiever, Chtd. ("RSS") *nunc pro tunc* to May 14, 2009, as Debtor's General Bankruptcy Counsel.

3.    Nachshon Draiman is an entrepreneur with various business interests, including interests in health care, real estate and energy procurement (natural gas and electricity).  He holds various ownership interests in several businesses, including health care facilities, a medical laboratory, several real estate development companies, and he is the sole owner of Multiut Corporation, an energy procurer and consultant.

4.    Mr. Draiman's sole proprietorship, Future Associates, is involved in various business enterprises, including the operation of nursing home facilities in the Chicago land area.  One such facility, located on Chicago's north side, offers a comprehensive rehabilitation program for residents who have been affected with a debilitating illness, injury, operation or a chronic condition. Another facility is located in Joliet, Illinois and offers post-hospitalization care, restorative nursing, hospice care, and complete in-house IV therapy. Additionally, a facility is located in the southern suburbs of Chicago.

5.     Multiut Corporation ("Multiut") and the Debtor filed their respective Chapter 11 Voluntary Petitions on May 14, 2009, following the entry of a judgment in favor of Dynegy Marketing and Trading ("Dynegy") against Multiut and the Debtor, which was entered by the United States District Court for the Northern District of Illinois, Eastern Division, in the approximate amount of $15,000,000.00, plus interest.   Multiut has asserted anti-trust counterclaims against Dynegy which remain pending before a Multi-District Litigation panel in the United States District Court of Nevada.

### RETENTION AND QUALIFICATION OF RSS

6.     As noted above, on June 5, 2009, this Court entered an Order authorizing the employment of RSS as attorneys for the Debtor *nunc pro tunc* to May 14, 2009, as Debtor's General Bankruptcy Counsel.

7.     RSS has extensive experience in bankruptcy matters, and in the representation of Chapter 7 and Chapter 11 debtors.   RSS, with its principal suburban location, has lower overhead, which allows RSS to have lower hourly rates for attorneys and paralegals than many Chicago law firms rendering bankruptcy legal services.   The professional qualifications and experience of the attorneys who performed substantial legal services for the Debtor are as follows:

> **Michael L. Ralph, Sr.**   received his law degree from Marquette University.  From 1972 to 1976 he served as a judge advocate in the U.S. Marine Corps, performing duties as prosecutor, defense counsel and military judge in over 350 trials.  Since 1976 he has been engaged in private practice, focusing in bankruptcy, commercial and bank litigation.

6

Mr. Ralph has served as a bankruptcy trustee and
represented numerous debtors, creditors and bankruptcy
trustees in bankruptcy proceedings under Chapters 7, 11
and 13.  He has been a speaker at the National Conference
of Bankruptcy Judges, Lake County Bar Association
Seminars, industry panels and seminars.  He is a past
chairman of the Lake County Bar Association Bankruptcy
Committee and a member of the Commercial Law League,
the American Bankruptcy Institute and the Chicago,
Wisconsin, Illinois, and American Bar Associations.

Mr. Ralph is admitted to practice in the states of Illinois and
Wisconsin, the U.S. Bankruptcy and U.S. District Court for
the Northern District of Illinois and the Western District of
Wisconsin, as well as the U.S. Court of Appeals for the
Seventh Circuit.

**David J. Schwab.**  Since 1990, Mr. Schwab has developed
a law practice with a focus in bankruptcy and creditor/debtor
rights, business planning and restructuring, and commercial
litigation.  He and his law firm, Ralph, Schwab & Schiever,
Chtd., are recognized by Martindale Hubbell's *Bar of
Preeminent Lawyers* in the areas of Bankruptcy Law,
Business Law, and Commercial Litigation.  As a trained CPA
and practicing attorney, Mr. Schwab is uniquely qualified to
assist financially troubled companies, analyze their legal
options, and assist them toward a successful resolution of
their legal/financial issues.

Mr. Schwab received his law degree from the DePaul
University College of Law.  While in law school, he was an
executive editor of the DePaul Business Law Journal.  He
also served as an "extern" for the Hon. Robert E. Ginsberg,
United States Bankruptcy Judge. In that position he
researched the law and drafted legal opinions for cases
being heard by Judge Ginsberg.

Prior to law school, Mr. Schwab worked as a business
consultant for Coopers & Lybrand (now
PriceWaterhouseCoopers).  He obtained his undergraduate
degree in accounting from Indiana University.

Recognized by his peers as an experienced lawyer in
bankruptcy and financial workouts, Mr. Schwab has served
as a lecturer for the Lake County Bar Association
(Bankruptcy Committee), the Association of Illinois Attorney-

7

Certified Public Accountants, and the Federal Reserve Bank of Chicago. He is a co-author of "Assignment of Rents in Bankruptcy" for the Commercial Law League of America (Seminar in Advanced Bankruptcy Practice). Mr. Schwab has served as past President of Illinois Association of Illinois Attorney-Certified Public Accountants, and has served on the DePaul University College of Law Alumni Board. He is also an active member of the American Bankruptcy Institute and the Chicago Bar Association Bankruptcy Committee.

Mr. Schwab is admitted to practice in the State of Illinois and the U.S. Bankruptcy and U.S. District Courts for the Northern District of Illinois.

**Joel H. Norton** received his law degree from Syracuse University College of Law, Syracuse, New York, cum laude in 2005. Since joining Ralph, Schwab & Schiever, Chartered, Mr. Norton has focused his practice of law in the areas of bankruptcy, creditor/debtor rights, and commercial litigation.

Prior to law school, he attended Denison University where he received his Bachelor of Arts cum laude in 2000. He also attended Vanderbilt University's Graduate Department of Religion in Nashville, Tennessee in 2001 and 2002.

He is admitted to practice in the State of Illinois and the U.S. Bankruptcy and U.S. District Courts for the Northern District of Illinois.

**Sharanya Gururajan** received her law degree from the University of Illinois College of Law, Urbana-Champaign, IL, cum laude in 2005. She received her undergraduate degree in Economics from the University of Illinois at Chicago, IL where she graduated with honors.

Ms. Gururajan has represented numerous debtors in bankruptcy court along with representing a Chapter 7 Trustee on routine and contested matters involving the liquidation of a bankruptcy estate. She co-authored an article for the American Bankruptcy Institute Journal entitled "*An Overview of the Form 22 Vehicle Operation Expense: Allowance or Cap on Actual Expense*".

Ms. Gururajan has also been involved in mortgage foreclosure defense litigation in state and federal court along

with contributing to the research and drafting of an article for the Lake County Docket entitled "*Fundamentals of Illinois Mortgage Foreclosure Defense"*.

Ms. Gururajan is admitted to practice in the State of Illinois and the U.S. Bankruptcy and U.S. District Courts for the Northern District of Illinois.

## ALL SERVICES PERFORMED BY RSS WERE REASONABLE AND NECESSARY

8.    Pursuant to §§330 and 331 of the Code and the generally applicable criteria with respect to time, nature, extent and value of services performed, all of RSS' services are compensable and the compensation requested is fair and reasonable.  All of the legal services performed by RSS were required for the proper representation of the Debtor, and were performed by RSS at the request or direction of the Debtor and/or were authorized by this Court.

9.    RSS has thoroughly reviewed its billing statements to eliminate any non-compensable interoffice conferences of its professionals.  Furthermore, where appropriate, tasks were assigned to a paralegal assistant at a substantially lower rate than the attorneys in an effort to minimize the administrative costs to the bankruptcy estate.

10.   From the outset of this case, RSS professionals were instructed to avoid recording time entries which contained "lumping" as discussed in In re Pettibone Corp., 74 B.R. 293 (Bankr. N.D. Ill. 1987).   In those instances in which multiple tasks are contained within a single time entry description, RSS has specified within the time entry description the amount of time attributable to each individual task.

9

11.   Itemized and detailed descriptions of the specific legal services rendered to the Debtor by RSS are reflected on the billing statements attached hereto as Group Exhibit A.  The billing statements set forth the initials of each attorney or paralegal, the amount of time spent rendering each service, the day on which such service was rendered, and a description of the nature of the services rendered.  A summary of the total time expended in rendering services by each attorney or paralegal, and the dollar value thereof, is set forth below:

### SUMMARY OF TIME EXPENDED BY RSS PROFESSIONALS
### MAY 14, 2009 through NOVEMBER 12, 2009

| Professional | Hours | 100% of Fees |
|---|---|---|
| Michael L. Ralph | 189.70 | $63,549.50 |
| David J. Schwab | 48.90 | $15,892.50 |
| Joel H. Norton | 291.00 | $56,745.00 |
| Sharanya Gururajan | 10.70 | $2,086.50 |
| Jennifer Tolemy | 30.90 | $3,862.50 |
| Jill Obereiner | 20.05 | $2,506.25 |
| **Totals** | 591.25 | $144,642.25 |

12.   As set forth above, the vast majority of time expended in this case by RSS was rendered by Michael L. Ralph, Sr., David J. Schwab, and Joel H. Norton.   RSS is a small firm which, by definition, prevents a significant duplication of efforts.  A review of the individual billing statement entries set forth on Group Exhibit A demonstrates that every effort was made to delineate

10

specific tasks to individual attorneys or paralegals, and in so doing, prevented an unnecessary overlap in representation.  While certain matters required joint consultation, RSS made every effort to avoid duplication of efforts, and the presence of multiple attorneys at conferences, meetings, and court appearances.  However, in a case with issues as complex as those presented here, at times certain factual and/or legal issues required the collective judgment of multiple attorneys within the firm.  Again, however, a review of the detailed billing statements for services rendered by RSS in this case reflects that joint participation, albeit at times necessary, was kept to an absolute minimum, and in fact generated cost benefits to the Debtor's Bankruptcy Estate ("Estate").  Moreover, the Estate benefited from the efforts of RSS to assign paralegals to perform certain services with lowered billing rates specifically as it pertains to the services rendered with regard to gathering information and completing the preliminary drafts of the Bankruptcy Schedule and Statement of Financial Affairs, and proofs of claims.

13.   RSS has not previously submitted an application for attorneys' fees and expenses, and has received an advance payment retainer in this matter in the amount of $50,000.00 on a pre-petition basis, which was disclosed in the Debtor's may 18, 2009 Application to Employ Ralph, Schwab & Schiever, Chtd. as Debtor's General Bankruptcy Counsel.  However, prior to the filing of this case, the sum of $15,000.00 was applied for services rendered to the Debtor between March 17, 2009 and May 14, 2009, leaving a retainer balance of $35,000.00 as of the date of filing this case.

14.   RSS hereby submits is first and final request for payment of its
fees, costs and expenses, which are set forth below in a Final Fee Application
Summary.

## FINAL FEE APPLICATION SUMMARY

|  | Application |
|---|---|
| Fees For Legal Services | $144,642.25 |
| Costs And Expenses | $6,766.54 |
| Unapplied Advance Payment Retainer | ($35,000.00) |
| Balance Of Final Fees, Costs And Expense To Be Paid | $116,408.79 |

15.   RSS does not seek reimbursement for expenditures it has incurred
in this case which constitute overhead, such as ordinary postage charges and
secretarial charges.   RSS is seeking reimbursement primarily for expenses
incurred for, among other things, document reproduction charges at 10 cents
per page, messenger charges and delivery charges that were incurred in the
representation of the Debtor in this Chapter 11 case.   For documents,
pleadings or correspondence which were delivered by Federal Express, as
opposed to delivery by first class mail, such delivery was deemed absolutely
necessary in the exercise of discretion by the responsible attorney in order to
meet court deadlines, to ensure the delivery of voluminous or confidential
documents which would be difficult to replace or which required privilege

protection and for which tracking was essential, or to otherwise insure the efficient and orderly administration of services.

16.   All of the aforesaid expenses were actually incurred by RSS and were necessary for the proper representation of the Debtor in this Chapter 11 case.  All the expenses incurred are specifically allocated to this case, and do not represent general overhead or other expenses unrelated to this case.

17.   RSS has not entered into any agreement or understanding of any kind, express or implied, with any other entity to share any compensation received or to be received by RSS for services rendered to the Debtor in connection with this case.

18.   RSS has not previously received or been promised any payments for services rendered in this case except as set forth in paragraph 13 above.

19.   The Affidavit of Michael L. Ralph pursuant to Rule 2016 of the Federal Rules of Bankruptcy Procedure is attached hereto as Exhibit B and made a part hereof.

20.   The source of the proposed payment to RSS of the first and final application for compensation and expense reimbursement allowed herein is requested to be paid first by the funds received pursuant to the Advance Payment Retainer, and second any remaining balance by the Debtor from property of the estate.

21.   RSS has sent 21 days' notice of the Application to the Debtor, all creditors and other parties in interest, including the United States Trustee in accordance with the provisions of Rule 2002 of the Federal Rules of

10/12/2010 3:49 PM
215483_14:08-1166

Bankruptcy Procedure. Said notice is attached hereto and incorporated herein as Exhibit C.

22. RSS certifies that the Debtor has received, reviewed and approved this Application.

## NATURE OF SERVICES PERFORMED BY RSS

23. Summarized below by category are the significant services provided to the Debtor by RSS for the period of May 14, 2009 to November 12, 2009.

### A.    Chapter 11 Counseling

24. As part of its legal services, RSS provided the usual and customary legal services that are necessary for counsel to a Chapter 11 debtor that had the estate size and complexity of assets, liabilities and financial affairs of the Debtor.

25. As noted above, Debtor commenced this Chapter 11 proceeding in order to preserve his going concern value following the entry of a judgment in excess of $15,000,000.00 in favor of Dynegy by Judge Nordberg in the case currently pending in the U.S. District Court for Northern Illinois. As part of its legal services to the Debtor, RSS counseled the Debtor on the impact of a Chapter 11 proceeding versus the impact of post judgment collection proceedings which might be undertaken by Dynegy upon the Debtor's day-to-day operations.

26. Additionally, RSS reviewed with Debtor's management the obligations of a Debtor-In-Possession, and advised Debtor regarding the

14

fulfillment of those obligations.   Further, RSS prepared Debtor for the Initial Debtor Interview, his Section 341 First Meeting of Creditors, and Continued Meeting of Creditors conducted by the United States Trustee's Office.

27.   With regard to Chapter 11 Counseling to the Debtor, RSS expended 23.4 hours for which it now seeks final compensation in the amount of $7,013.00.

| Attorney/Paralegal | Hours Worked | Rate | Amount |
|---|---|---|---|
| Michael L. Ralph | 12.30 | $335.00 | $4,120.50 |
| David J. Schwab | 5.60 | $325.00 | $1,820.00 |
| Joel H. Norton | 5.50 | $195.00 | $1,072.50 |
| TOTALS | 23.40 | | $7,013.00 |

## B.   Representation of Debtor with Regard to First Day Motions

28.   With regard to First Day Motions, RSS drafted, filed and represented the Debtor at the court hearing concerning the Debtor's Motion for an Order (i) Authorizing the Debtor to Pay Pre-Petition Wages, Salaries and Employee Benefits, and (ii) Directing Banks to Honor Pre-Petition Checks for Payment of Pre-Petition Employee Obligations to Pay Employees

29.   The above referenced First Day Motion was granted by the Court after due notice and a hearing which allowed the Debtor to continue his day-to-day business operations without an interruption in pay to his employees.

30.   RSS expended 7.10 hours for which it now seeks final compensation in the amount of $1,880.50.

15

| Attorney/Paralegal | Hours Worked | Rate | Amount |
|---|---|---|---|
| Michael L. Ralph | 0.60 | $335.00 | $201.00 |
| David J. Schwab | 3.60 | $325.00 | $1,170.00 |
| Joel H. Norton | 2.10 | $195.00 | $409.50 |
| Jennifer Tolemy | .80 | $125.00 | $100.00 |
| TOTALS | 7.10 | | $1,880.50 |

## C.    Employment and Compensation of Professionals

31.    RSS conferred with the Debtor in the preparation of necessary applications, affidavits, and notices to obtain court approval to retain certain professionals.

32.    RSS prepared, filed, served and argued the following applications/motions to employ:

i.    A Motion to Employ Ralph, Schwab & Schiever, Chartered as Debtor's Chapter 11 General Bankruptcy Counsel.

ii.    An Emergency Motion for Entry of an Order Authorizing the Employment and Retention *nunc pro tunc* of Joseph E. Tighe and the Law Firm of Joseph E. Tighe, P.C. as Special Counsel.  Mr. Tighe represented the Debtor in his appeal of Judge Nordberg's judgment entered in the pending matter in the U.S. District Court for Northern Illinois before the United States Court of Appeal for the Seventh Circuit ("Appellate Court").  This Court granted the Debtor's Emergency Motion over the objection of Dynegy and the Appellate Court held that Judge Nordberg's judgment was not final and therefore not ripe for appeal.

iii.    Two (2) Motions for Approval of Employment of two (2) accountants for the Debtor.  This Court granted both of the referenced Motions.

16

iv.    A Motion to Employ Special Counsel for Purpose of Potential

Cause of Action for Professional Negligence seeking authorization to employ

Thomas C. Cronin to investigate and prosecute, if necessary, a professional

negligence cause of action against Debtor's previous non-bankruptcy legal

counsel, relative to their representation of the Debtor in the pending litigation

before Judge Nordberg and in the Multi-District Litigation pending in the United

States District Court of Nevada.   This Court granted the above referenced

Motion.

33.   RSS reviewed its own billing statements to ensure that each time

entry provided an adequate and accurate description of services rendered and

expenses incurred.   RSS has expended efforts relating to the preparation of

this First and Final Application for Allowance of Compensation and

Reimbursement of Expenses.

34.   In connection with the above services, as summarized below, RSS

expended 68.55 hours for which it seeks compensation in the total amount of

$13,770.75 in fees.

| Attorney/Paralegal | Hours Worked | Rate | Amount |
|---|---|---|---|
| Michael L. Ralph | 9.80 | $335.00 | $3,283.00 |
| David J. Schwab | 2.10 | $325.00 | $682.50 |
| Sharanya Gururajan | 6.50 | $195.00 | $1,267.50 |
| Joel H. Norton | 34.20 | $195.00 | $6,669.00 |
| Jill Obereiner | 8.75 | $125.00 | $1,093.75 |
| Jennifer Tolemy | 6.20 | $125.00 | $775.00 |
| TOTALS | 67.05 | | $13,770.75 |

### D.    Representation of Debtor with Regard to MNRE

35.   The history of the related MNRE Ventures, LLC real property transactions and the Debtor's position regarding said real property transactions can be found in Debtor's Response to Dynegy's Objection to Debtor's Motion to Use Cash Collateral.   See Docket No. 90 for said Response and Exhibits related thereto.   A copy of the Response and Exhibits shall be provided to any party requesting same.

36.   RSS researched, drafted and prepared Debtor's Motion for Authority to Use Cash Collateral of Cole Taylor Bank.   Dynegy, in response, filed an original, an amended, a second amended, and a third amended Objection to Debtor's Motion for Authority to Use Cash Collateral.

37.   RSS reviewed and researched Dynegy's objections, and filed the Debtor's Response to Dynegy's Various Objections to Debtor's Motion for Authority to Use Cash Collateral.

38.   Debtor's Motion for Authority to Use Cash Collateral was ultimately withdrawn, with a resulting agreement entered into with Dynegy that the Debtor would sit for a Rule 2004 Examination and produce documents relative thereto.

39.   In connection with the above services, as summarized below, RSS expended 79.60 hours for which it seeks compensation in the total amount of $20,444.00 in fees.

| Attorney/Paralegal | Hours Worked | Rate | Amount |
|---|---|---|---|
| Michael L. Ralph | 32.30 | $335.00 | $10,820.50 |
| David J. Schwab | 4.80 | $325.00 | $1,560.00 |
| Joel H. Norton | 39.30 | $195.00 | $7,663.50 |
| Jill Obereiner | 0.70 | $125.00 | $87.50 |
| Jennifer Tolemy | 2.50 | $195.00 | $312.50 |
| TOTALS | 79.60 | | $20,444.00 |

**E.   Representation of Debtor with Regard to Voluntary Chapter 11 Petition, Bankruptcy Schedules, and Statement of Financial Affairs**

40.   RSS counseled Debtor with regard to the preparation of the Voluntary Chapter 11 Petition, Bankruptcy Schedules and Statement of Financial Affairs.  RSS worked closely with Debtor in the preparation of the Bankruptcy Schedules, due to the fat that a large amount of factual investigation, document review and proper categorization, and responses to the questions set forth in the Statement of Financial Affairs required significant factual investigation and legal analysis.

41.   As referenced above, and in numerous pleadings filed in this matter, Debtor is an entrepreneur with numerous business interests (see list of entities attached to the Debtor's Amended Statement of Financial Affairs, Docket Nos. 95 and 134; and Amended Periodic Report Regarding Value, Operations and Profitability of Entities in Which the Estate of Nachshon Draiman Holds a Substantial or Controlling Interest, Docket No. 99).  The list of entities attached to the Debtor's Amended Statement of Financial Affairs discloses that the Debtor has or had an interest in a total of thirty-six (36) business entities and/or ventures.  Approximately twenty-eight (28) of those

19

entities were active pursuant to the respective states' Secretary of State Office. Only eight (8) of the entities and/or ventures were either dissolved or inactive. All of these business entities' and/or ventures' books and records had to be reviewed to determine the Debtor's interest in said business entities or ventures, and whether the Debtor owed or was owed any funds from said business entities or ventures. Furthermore, the Debtor is either an officer or member of the board of directors for approximately six (6) other entities.

42. Assembling and compiling said books and records for twenty-eight (28) active business entities and/or ventures, was a task which required the combined effort of Debtor's internal personnel, his non-bankruptcy legal counsel Alan J. Mandel, the Debtor, his accountant, and the attorneys and paralegals of RSS. Upon compilation, RSS was able to properly identify the Debtor's specific interest in the various business entities and/or ventures and was able to complete the Debtor's Bankruptcy Schedules and Statement of Financial Affairs and amendments thereto, which were filed without objection by the United States Trustee or any of the Debtor's listed creditors.

43. RSS also analyzed and categorized the numerous transactions between each entity and the Debtor, which the Debtor termed "Do To's/Do From's."

44. RSS also analyzed and advised the Debtor as to the proper scheduling of property held by the Debtor for the benefit of third parties.

45.   In connection with the above services, as summarized below, RSS expended 198.10 hours for which it seeks compensation the total amount of $46,784.50.

| Attorney/Paralegal | Hours Worked | Rate | Amount |
|---|---|---|---|
| Michael L. Ralph | 62.30 | $335.00 | $20,870.50 |
| David J. Schwab | 7.00 | $325.00 | $2,275.00 |
| Sharanya Gururajan | 3.00 | $195.00 | $585.00 |
| Joel H. Norton | 104.70 | $195.00 | $20,416.50 |
| Jill Obereiner | 8.10 | $125.00 | $1,012.50 |
| Jennifer Tolemy | 13.00 | $125.00 | $1,625.00 |
| TOTALS | 198.10 | | $46,784.50 |

### F.   Representation of Debtor with Regard to Plan and Disclosure Statement

46.   RSS met with Debtor, his non-bankruptcy legal counsel, Alan J. Mandel, and the Debtor's accountant on numerous occasions to review Debtor's financial books and records, possible sale of available assets to fund any Chapter 11 Plan, and to discuss Debtor's expected cash flow in order to determine whether a plan of reorganization or a plan of liquidation would be in the Debtor's best interest.

47. Based upon the length of time relative to the negotiations surrounding the use of Cole Taylor Bank's cash collateral, RSS negotiated, drafted and successfully presented a Motion to Extend Date for Filing the Plan, Disclosure Statement and Seeking Confirmation.

48.   In connection with the above services, as summarized below, RSS expended 42.20 hours for which it seeks compensation in the total amount of $11,878.00 in fees.

| Attorney/Paralegal | Hours Worked | Rate | Amount |
|---|---|---|---|
| Michael L. Ralph | 12.70 | $335.00 | $4,254.50 |
| David J. Schwab | 14.50 | $325.00 | $4,712.50 |
| Sharanya Gururajan | 1.00 | $195.00 | $195.00 |
| Joel H. Norton | 13.80 | $195.00 | $2,691.00 |
| Jennifer Tolemy | 0.20 | $125.00 | $25.00 |
| TOTALS | 42.20 | | $11,878.00 |

## G.   Representation of Debtor with Regard to Dynegy

49.   Dynegy and the Debtor had been locked in protracted litigation since October, 2002 relative to natural gas contracts and possible anti-trust violations.   Judge Nordberg's March 2009 judgment resulted in Dynegy becoming one of the largest unsecured creditors of the Debtor.

50.   As previously stated the Debtor filed for protection under the Code in order to ensure that one adversarial creditor, Dynegy, did not disrupt a proper operation of the Debtor's multiple business entities and ventures to the detriment of the Debtor's other creditors, which would have occurred in the event that Dynegy proceeded with post-judgment collection actions.

51.   RSS participated in negotiations with Debtor and legal counsel for Dynegy in order to attempt to resolve several issues, including but not limited to: a) the use of Cole Taylor Bank's cash collateral; b) the Debtor's Rule 2004 Examination and related document production; c) an extension of the Debtor's

deadline to file his Plan, Disclosure Statement and to seek Confirmation; and d) a global settlement of all disputes pending between the Debtor and Dynegy.

52.   In connection with the above services, as summarized below, RSS expended 73.10 hours for which it seeks compensation in the total amount of 19,216.50 in fees.

| Attorney/Paralegal | Hours Worked | Rate | Amount |
|---|---|---|---|
| Michael L. Ralph | 32.90 | $335.00 | $11,021.50 |
| David J. Schwab | 4.30 | $325.00 | $1,397.50 |
| Joel H. Norton | 33.00 | $195.00 | $6,435.00 |
| Jill Obereiner | 2.50 | $125.00 | $312.50 |
| Jennifer Tolemy | 0.40 | $125.00 | $50.00 |
| TOTALS | 73.10 | | $19,216.50 |

## H.   Representation of Debtor with Regard to Cash Collateral and Adequate Protection

53.   Along with the Six (6) Properties referenced above the Debtor owned several other parcels of rental real estate in which various financial institutions held a security interest in.

54.   RSS analyzed each of these properties, the rental income received therefrom, and successfully negotiated with the respective financial institutions in order to prepare agreed orders authorizing the use of the respective financial institutions' cash collateral and/or for the Debtor to make adequate protection payments to creditors holding mortgage liens upon such rental real estate.

55.   In connection with the above services, as summarized below, RSS expended 36.60 hours for which it seeks compensation in the total amount of $8,523.00 in fees.

10/12/2010 3:49 PM
215483_14:08-1166

| Attorney/Paralegal | Hours Worked | Rate | Amount |
|---|---|---|---|
| Michael L. Ralph | 10.10 | $335.00 | $3,685.00 |
| Joel H. Norton | 26.10 | $195.00 | $5,148.00 |
| Jennifer Tolemy | 0.40 | $125.00 | $50.00 |
| TOTALS | 36.60 | | $8,523.00 |

### I.   Representation of Debtor with Regard to Utilities

56.   RSS analyzed, negotiated with the necessary parties, drafted and presented the Debtor's Motion and Amended Motion for Adequate Assurance of Payment of Utility Providers which this Court granted on June 4, 2009.  See Docket No. 34.  This allowed the Debtor's day-to-day operations to continue uninterrupted for the benefit of the Debtor's employees, creditors, and customers.

57.   In connection with the above services, as summarized below, RSS expended 18.10 hours for which it seeks compensation in the total amount of $3,921.50 in fees.

| Attorney/Paralegal | Hours Worked | Rate | Amount |
|---|---|---|---|
| Michael L. Ralph | 3.20 | $335.00 | $1,072.00 |
| Joel H. Norton | 14.10 | $195.00 | $2,749.50 |
| Jennifer Tolemy | 0.80 | $125.00 | $100.00 |
| TOTALS | 18.10 | | $3,921.50 |

### J.   Representation of Debtor with Regard to The Reporting Requirements and Filing of Monthly D.I.P. Operating Reports

58.   RSS reviewed with Debtor, his accountant, and his non-bankruptcy counsel, Alan J. Mandel, the Debtor's duties and obligations with respect to the

24

monthly and quarterly Debtor-In-Possession Operating Reports ("D.I.P. Reports").

59.   Due to the fact that the Debtor operates his business, Future Associates, as a sole proprietorship, RSS, and the Debtor, with the approval of the United States Trustee's Office, determined that each month the Debtor would file two (2) D.I.P. Reports, one (1) for the Debtor, and one (1) for the Debtor d/b/a Future Associates.

60.   At Debtor's request, RSS drafted and prepared a standard form of D.I.P. Operating Report the Debtor and his accountant, could complete in a data entry format, therefore saving time and costs to the Debtor related to the accountant's preparation of said Operating Reports.   These separate D.I.P. Operating Reports were filed in order to allow creditors of the Debtor the ability to review the Debtor's personal monthly financial information, and the monthly financial information as it related to Debtor d/b/a Future Associates.

61.   Additionally,  RSS worked with the United States Trustee's Office to develop and draft a document consolidating the financial information from the two (2) respective D.I.P. Reports into one single cover page.

62.   In connection with the above services, as summarized below, RSS expended 10.10 hours for which it seeks compensation in the total amount of $2,025.00 in fees.

| Attorney/Paralegal | Hours Worked | Rate | Amount |
|---|---|---|---|
| Michael L. Ralph | 1.30 | $335.00 | $435.00 |
| Joel H. Norton | 7.00 | $195.00 | $1,365.00 |
| Jennifer Tolemy | 1.80 | $125.00 | $225.00 |
| TOTALS | 10.10 | | $2,025.00 |

## K.    Representation of Debtor with Regard to Objection to Claims

63.    RSS counseled and advised the Debtor regarding creditors filing Proofs of Claims.  Consequently, RSS filed with this Court an Order setting the time to file Non-Administrative and Non-Governmental claims which was entered by this Court on September 10, 2009. See Docket No. 130.

64.    RSS reviewed the Proofs of Claims, including without limitation, those claims of the IRS, the liquidator of Jerusalem Enterprises, Inc., and Boardwalk Regency Corp. d/b/a Caesar's Atlantic City, with the Debtor to ensure that the amounts set forth were accurate, and to discuss any objections to same.

65.    In connection with the above services, as summarized below, RSS expended 5.20 hours for which it seeks compensation in the total amount of $1,180.00 in fees.

| Attorney/Paralegal | Hours Worked | Rate | Amount |
|---|---|---|---|
| Michael L. Ralph | 0.60 | $335.00 | $201.00 |
| David J. Schwab | 0.90 | $325.00 | $292.00 |
| Joel H. Norton | 3.20 | $195.00 | $624.00 |
| Jennifer Tolemy | 0.50 | $125.00 | $62.50 |
| TOTALS | 5.20 | | $1,180.00 |

26

L.    **Representation of the Debtor with
Regard to Miscellaneous Matters**

66.    In assisting the Debtor with the preparation required to file this bankruptcy case, RSS reviewed and assisted in the revisions of a notice to customers of Debtor d/b/a Future Associates for creditor notification purposes.

67.    RSS also analyzed several demand letters received by the Debtor subsequent to the filing of this bankruptcy case and advised the Debtor on the Debtor's rights with respect to violations of the automatic stay imposed by §362 of the Code, including but not limited to a demand letter received from counsel for Brickyard Bank.    RSS engaged Brickyard Bank's counsel in discussion regarding possible violations of §362 of the Code by Brickyard Bank.    These discussions resulted in Brickyard Bank ceasing its collection efforts without the need to seek the assistance of this Court.

68.    RSS also analyzed the Debtor's 2009 and 2008 Tax Returns in an attempt to assist the Debtor in relation to the filed IRS Proof of Claim, and also in relation to the discussions about the Debtor's financial condition as it related to the Plan and Disclosure Statement.

69.    In connection with the above services, as summarized below, RSS expended 29.20 hours for which it seeks compensation in the total amount of $7,680.00 in fees.

| Attorney/Paralegal | Hours Worked | Rate | Amount |
|---|---|---|---|
| Michael L. Ralph | 11.60 | $335.00 | $3,886.00 |
| David J. Schwab | 5.10 | $325.00 | $1,657.50 |
| Joel H. Norton | 8.00 | $195.00 | $1,560.00 |
| Sharanya Gururajan | 0.20 | $195.00 | $39.00 |
| Jennifer Tolemy | 4.30 | $125.00 | $537.50 |
| TOTALS | 29.20 | | $7,680.00 |

## CONCLUSION

All of the legal services provided by RSS to the Debtor in this case benefited the Estate by assisting with the preparation and creation of the Debtor's Schedules and Statement of Financial Affairs; ensuring the proper professionals were employed; and ensuring that the Debtor's day-to-day business operations were not interrupted thereby maintaining the Debtor's multiple business ventures as going concerns.

WHEREFORE, RSS requests the entry of an order:

1.      Authorizing and Directing Debtor to pay forthwith Ralph, Schwab & Schiever, Chartered as compensation in the amount of $144,642.25  for the actual, necessary and valuable professional services rendered to the Debtor during the period from May 14, 2009 through November 12, 2009, the date of an entry of an Order granting Ralph, Schwab & Schiever, Chartered's Motion to Withdraw as Counsel for the Debtor.

2.      Authorizing and Directing Debtor to pay forthwith Ralph, Schwab & Schiever, Chartered as reimbursement for its actual and necessary expenses of $6,766.54 incurred in connection with such services;

28

3.      Declaring that this award constitutes the first and final application

compensation to Ralph, Schwab & Schiever, Chartered for professional services

rendered to the Debtor in this case; and

4.      For such other and further relief as this Court deems appropriate.

Respectfully submitted by

RALPH, SCHWAB & SCHIEVER,
CHARTERED


By:___/s/ Michael L. Ralph, Sr.___
One of Its Attorneys

Michael L. Ralph, Sr. (Attorney No. 2279304)
David J. Schwab (Attorney No. 6204333)
Joel H. Norton (Attorney No. 65286977)
RALPH, SCHWAB & SCHIEVER, CHARTERED
175 East Hawthorn Parkway
Suite 345
Vernon Hills, Illinois  60061
Telephone: (847) 367-9699
Facsimile: (847) 367-9621
mralph@rss-chtd.com
djschwab@rss-chtd.com
jnorton@rss-chtd.com