**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>**Nachshon Draiman,**<br><br>Debtor. | Chapter 11<br><br>Case No: 09 B 17582<br>Hon. John H. Squires<br>Hearing Date: May 12, 2011<br>Hearing Time: 10:00 A.M. |

**NOTICE OF HEARING ON THIRD AND FINAL APPLICATION FOR ALLOWANCE
AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES
OF PATRICK J. O'MALLEY AND DEVELOPMENT SPECIALISTS, INC., EXAMINER**

PLEASE TAKE NOTICE that on **Thursday, May 12, 2011 at 10:00 a.m.**, or as soon thereafter as counsel may be heard, I shall appear before the Honorable Judge John H. Squires or any judge sitting in his stead, in Courtroom 680, 219 S. Dearborn St., Chicago, Illinois and shall then and there present the **Third and Final Application for Allowance and Payment of Compensation and Reimbursement of Expenses of Patrick J. O'Malley and Development Specialists Inc.** (the "Application"), a copy of which is served upon you.

The Application seeks (A) the allowance and payment by the Debtor of interim compensation of $3,198.00 for 15.0 hours of actual, necessary professional services rendered by Patrick J. O'Malley and Development Specialists, Inc. and reimbursement of actual, necessary expenses of $127.48 incurred in connection with those services between December 17, 2010 and April 30, 2011, and (B) the allowance of final compensation of $223,607.50 and final reimbursement of expenses totaling $1,074.93 between March 11, 2010 and April 30, 2011.

| | |
|---|---|
| Dated: May 8, 2011 | PATRICK J. O'MALLEY, As Examiner for<br>Bankruptcy Estate of Nachshon Draiman, Debtor<br><br>By:   /s/ Patrick F. Ross<br>       One of his attorneys |

R. Scott Alsterda (ARDC No. 3126771)
Patrick F. Ross (ARDC No. 6296461)
UNGARETTI & HARRIS LLP
70 W. Madison Street, Suite 3500
Chicago, Illinois 60602
Telephone: 312-977-4400
Facsimile: 312-977-4405

*Counsel for Patrick J. O'Malley, as Examiner
for the Bankruptcy Estate of Nachshon Draiman, Debtor*

1919718-2

# CERTIFICATE OF SERVICE

I, Patrick F. Ross, the undersigned attorney, hereby certify that on May 8, 2011, I electronically filed the Notice of Hearing and the **Third and Final Application for Allowance and Payment of Compensation and Reimbursement of Expenses of Patrick J. O'Malley and Development Specialists Inc.** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following individuals:

U.S. Trustee
Patrick S. Layng
(USTPRegion11.ES.ECF@usdoj.gov)
Office of the U.S. Examiner, Region 11
219 S. Dearborn St., Room 873
Chicago, IL 60604
(312) 886-5785 phone

Counsel for the Debtor
Joseph A Baldi (jabaldi@ameritech.net)
Donna B Wallace (dbwallace@ameritech.net)
Elizabeth C Berg (ecberg@ameritech.net)
Joseph A Baldi & Associates, PC
19 S LaSalle Street Suite 1500
Chicago, IL 60603
(312) 726-8150 (phone)
(312) 332-4629 (fax)

Counsel for Dynegy Marketing
Eugene J Geekie, Jr
(egeekie@schiffhardin.com)
Patricia J Fokuo (pfokuo@schiffhardin.com)
Ayad P Jacob (ajacob@schiffhardin.com)
Tiffany R Redding
(tredding@schiffhardin.com)
Peter Bartoszek
(pbartoszek@schiffhardin.com)
Karen Newbury
(knewbury@schiffhardin.com)
Schiff Hardin LLP
233 S Wacker Dr Ste 6600
Chicago, IL 60606
(312) 258-5500
(312) 258-5600 (fax)

Counsel to Nachshon Draiman and Ralph, Schwab & Schiever, Chartered
David J Schwab (djschwab@rss-chtd.com)
Michael L. Ralph (mralph@rss-chtd.com)
Ralph, Schwab & Schiever, Chtd
175 E Hawthorn Pkwy Ste 345
Vernon Hills, IL 60061
847-367-9699 Ext. 15
847-367-9621 (fax)

Counsel for Premier Bank
David E Cohen (davidecohen@lawcohen.com)
55 West Monroe Street, Suite 600
Chicago, IL 60603
312-606-3451
312-606-0017 (fax)

Counsel for Multiut Corporation
Scott R Clar (sclar@craneheyman.com)
Crane Heyman Simon Welch & Clar
135 S LaSalle Suite 3705
Chicago, IL 60603
312 641-6777
312 641-7114 (fax)

Counsel for Cole Taylor Bank
Jacqueline M Helmrick (jhelmrick@agdglaw.com)
Amy Rapoport (arapoport@agdglaw.com)
Aronberg Goldgehn
330 N Wabash Suite 1700
Chicago, IL 60611
312 755-3165
312 222-6389 (fax)

Counsel for First Bank
Fred R Harbecke
(fredrharbecke@sbcglobal.net)
29 South LaSalle Street, Suite 945
Chicago, IL 60603
312 443-9505
312 443-9541 (fax)

Counsel for Morris Esformes
David R Herzog (drhlaw@mindspring.com)
Herzog & Schwartz PC
77 W Washington Suite 1717
Chicago, IL 60602
312-977-1600

Counsel to Bank of America N.A. as Successor by Merger to Countrywide Bank and America's Wholesale Lender
Terri M Long (tmlong@tmlong.com)
Law Office of Terri M. Long
18201 Morris Avenue
Homewood, IL 60430
708 922-3301
(708) 922-3302 (fax)

Counsel to BankFinancial FSB
Francis J. Pendergast, III
(fpendergast@crowleylamb.com)
Crowley & Lamb
350 N. LaSalle Street, Suite 900
Chicago, IL 60610
312 670-6900 Ext. 414
312 467-5926 (fax)

Counsel to Caesars Atlantic City, Horseshoe Casino Hammond, Caesars Palace Hote & Casino, Harrah's Casino Hotel Lake Tahoe, Horseshoe Southern Indiana
Robert G Aisenstein (aisenstein@msn.com)
Law Offices of Robert G. Aisenstein
2114 Fountain Springs Drive
Henderson, NV 89074
(702) – 8971438

Counsel for Great-West Life & Annuity Ins. Co.
Georgia L. Joyce (gjoyce@cmn-law.com)
Chittenden, Murday & Novotny, LLC
303 W. Madison Street
Chicago, IL 60606
312 281-3629
312 281-3678 (fax)

Counsel to Brickyard Bank
Robert D Nachman (rnachman@dykema.com)
Morgan M. Smith (mmsmith@dykema.com)
Dykema Gossett PLLC
10 S. Wacker Dr., Suite 2300
Chicago, IL 60606
312.627.2480
312.627.2302 (fax)

Counsel to OneWest Bank, FSB
Yanick Polycarpe (ypolycarpe@atty-pierce.com)
Pierce and Associates, P.C.
1 North Dearborn Suite 1300
Chicago, IL 60602
312 346-9088 Ext. 5192
312 346-6146 (fax)

Counsel to Peterson Park Health Care, Ron Shabat, Embassy Holdings, Jack Rajchenback, and Sam Lipshitz, Bruria Draiman, LCF Associates
Pia N Thompson (pthompson@ksnlaw.com)
Kovitz Shifrin Nesbit
750 W. Lake Cook Rd., Suite 350
Buffalo Grove, IL 60089
847-777-7258
847-537-0550 (fax)

Counsel to KeyBank
Monette W Cope (ecfnil@weltman.com)
Weltman Weinberg & Reis Co LPA
180 North LaSalle St Ste 2400
Chicago, IL 60601
312 782-9676
312 782-4201 (fax)

| | |
|---|---|
| <u>Counsel to Neal Gerber & Eisenberg LLP</u><br>Thomas C. Wolford (twolford@ngelaw.com)<br>Neal Gerber & Eisenberg LLP<br>2 North LaSalle Street<br>Chicago, IL 60602<br>312 269-5675 | <u>Counsel for Patrick J. O'Malley and Ungaretti & Harris LLP</u><br>R. Scott Alsterda<br>(rsalsterda@uhlaw.com)<br>Patrick F. Ross<br>(pfross@uhlaw.com)<br>Ungaretti & Harris LLP<br>3500 Three First National Plaza<br>Chicago, IL 60602<br><br>　　　　/s/ Patrick F. Ross　　　 |

1919718-2                                             4

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>Nachshon Draiman,<br><br>        Debtor. | Chapter 11<br><br>Case No: 09 B 17582<br>Hon. John H. Squires<br>Hearing Date: May 12, 2011<br>Hearing Time: 10:00 A.M. |

**THIRD AND FINAL APPLICATION FOR ALLOWANCE AND PAYMENT OF
COMPENSATION AND REIMBURSEMENT OF EXPENSES
OF PATRICK J. O'MALLEY AND DEVELOPMENT SPECIALISTS, INC., EXAMINER**

Patrick J. O'Malley of Development Specialists, Inc. (the "Applicant"), the duly-appointed Examiner for the Bankruptcy Estate of Nachshon Draiman ("the Debtor"), pursuant to Section 330 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 5082-1 of the Bankruptcy Court for the Northern District of Illinois, hereby submits his Third and Final Application for Allowance of Compensation and Reimbursement of Expenses (the "Final Application") seeking (A) the allowance and payment by the Debtor of interim compensation of $3,198.00 for 15.0 hours of actual, necessary professional services rendered by the Applicant and reimbursement of actual, necessary expenses of $127.48 incurred in connection with those services between December 17, 2010 and April 30, 2011 (the "Third Application Period"), and (B) the allowance of final compensation of $223,607.50 and final reimbursement of expenses totaling $1,074.93 between March 11, 2010 and April 30, 2011 (the "Total Compensation Period"). In support of this Application, the Applicant respectfully represents as follows:

1919718-2

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider the Final Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), and (M).

3. The statutory predicates for the relief requested herein are Section 330 of the Bankruptcy Code, Bankruptcy Rule 2016(a), and Bankruptcy Court for the Northern District of Illinois Local Rule 5082-1.

## INTRODUCTORY STATEMENT

4. On March 16, 2010, this Court entered an order appointing Patrick J. O'Malley ("O'Malley") of Development Specialists, Inc. ("DSI") as Examiner in this bankruptcy case (Doc. No. 275). The services described in this Application, for which the Applicant seeks interim and final allowance of fees and expenses, are the result of carrying out the Examiner's duties by O'Malley and other members of DSI. The services described in the Application are actual, necessary services and the compensation requested for those services is reasonable.

## BACKGROUND

5. The Debtor commenced this case on May 14, 2009 by the filing of a voluntary petition for relief under chapter 11 of title 11 of the United States Bankruptcy Code. ("Code").

6. Pursuant to a motion filed by Dynegy Marketing & Trade ("Dynegy"), the court entered an order on March 9, 2010, directing the United States Trustee to appoint an Examiner. This order states, among other things:

> a. The U.S. Trustee shall appoint an examiner with the power to conduct an investigation of the debtor including an investigation of any and all allegations of fraud, dishonesty, incompetence, misconduct, mismanagement or irregularity in the management of the affairs of the debtor or by the debtor, as well as potential recovery claims that the estate might have, and, as soon as practicable, file with the Court a report of the examiner's findings."

1919718-2                                2

  b. "The examiner shall initially review transactions between the Debtor and EmbassyHoldings, LLC, and shall file a preliminary report regarding the propriety of the transactions between Debtor and Embassy Holdings, LLC within 30 days from the date of his appointment by the U.S. Trustee."

  7. On March 16, 2010, the court entered an Order appointing Patrick J. O'Malley as Examiner. It was understood by the parties involved including the United States Trustee's office that the Examiner would use additional resources from his firm of Development Specialists, Inc. to carry out his tasks.

  8. On May 20, 2010, the United States Bankruptcy Court for the Northern District of Illinois entered an Order Authorizing Examiner's Employment of Ungaretti & Harris LLP as Legal Counsel [Dkt. 298] effective retroactively to May 3, 2010.

  9. On July 6, 2010, the preliminary Examiner's report was filed which focused on the proposed sale of Embassy Holdings, LLC as well as historical transactions between the Debtor and Embassy Holdings, LLC from December 2006 through February 2010.

  10. On July 28, 2010, DSI filed its First Interim Application for Allowance and Payment of Compensation and Reimbursement of Expenses [Docket No. 355] (the "First Application"), requesting compensation in the amount of $154,969.50 for 511.0 hours of professional services and reimbursement of $855.94 in expenses incurred between March 11, 2010 and July 12, 2010.

  11. On or about August 30, 2010, the Court entered an order granting the First Application [Docket No. 383] and authorizing and directing the Debtor to pay DSI compensation in the amount of $154,969.50 and reimburse DSI's expenses in the amount of $855.94. However, pursuant to negotiations between the Debtor and the Examiner regarding the allowance and payment of the Examiner's professional fees and expenses, the Examiner agreed to reduce the

amount of his fees and expenses to $140,000 if the Debtor paid those fees and expenses by October 31, 2010.

12. On December 13, 2010, the Examiner's second report was filed with the Bankruptcy Court which focused on transactions of the Debtor and his consulting business, Future Associates, for the period from January 1, 2008 through the date of the bankruptcy petition filing of May 14, 2009. This limited scope was necessitated due to the lack of summary financial records available to the Examiner and because it was not feasible to review all of the detailed accounting records in the existing time frame.

13. On January 4, 2011, DSI filed its Second Interim Application for Allowance and Payment of Compensation and Reimbursement of Expenses [Docket No. 600] (the "Second Application"), requesting compensation in the amount of $65,440.00 for 263.0 hours of professional services and reimbursement of $91.51 in expenses incurred between July 13, 2010, 2010 and December 16, 2010.

14. On or about January 25, 2011, the Court entered an order granting the Second Application [Docket No. 637], which authorized and directed the Debtor to pay Development Specialists, Inc. compensation in the amount of $65,440.00 and reimburse DSI's expenses in the amount of $91.51.

15. On April 19, 2011, the Court entered its Memorandum Opinion [Docket No. 674] sustaining Dynegy's objections to the Debtor's Fourth Amended Chapter 11 Plan of Reorganization (the "Plan"), denying confirmation of the Plan, and setting a hearing on May 24, 2011 at 10:00 a.m. to determine whether the Debtor's case should be converted to Chapter 7 or dismissed. Subsequently, the Court moved that hearing to May 12, 2011 at 10:00 a.m.

**SERVICES PERFORMED BY PATRICK J. O'MALLEY
AND DEVELOPMENT SPECIALISTS, INC.**

16. By this Application, Applicant seeks an allowance of fees in the amount of $3,198.00 for professional services rendered for and on behalf of the Debtor during the Compensation Period. DSI has summarized in **Exhibit A** the hours and dollar amount by category for services to the Debtor during the Third Compensation Period.

17. The services performed by the Applicants have been segregated into three (3) categories. Itemized and detailed descriptions of the specific services performed by the Applicants for which compensation is sought in this Application are attached hereto as **Exhibit B**.

18. Summarized below by category are the services provided by the Applicant during the period covered by this Application:

**Fee Application/Client Billing**

19. General nature of the services provided under this category: preparation of the Examiner's second fee application.

20. A total of 1.20 hours, aggregating $630.00 in fees was expended on *Fee Application/Client Billing* matters in the Compensation Period.

**Attend Court Hearings/ Review Pleadings**

21. General nature of the services provided under this category: Attended Bankruptcy Court hearings related to DSI Fees.

22. A total of .80 hours, aggregating $428.00 in fees was expended on *Attend Court Hearings/Review Pleadings* matters in the Compensation Period.

**Business Analysis**

23. General nature of the services provided under this category: Analysis of the financial records of the Debtor and review of casino subpoena productions.

24. A total of 13.00 hours, aggregating $2,140.00 in fees was expended on *Business Analysis* matters in the Compensation Period.

**SUMMARY OF THE FIRST APPLICATION
AND THE SECOND APPLICATION**

25. By this Final Application, DSI also seeks approval on a final basis of all compensation and reimbursement of expenses previously allowed and paid to DSI on an interim basis in connection with the First Application and the Second Application.

26. As stated above, DSI previously filed the First Application requesting $154,969.50 of compensation for 511.0 hours of professional services and reimbursement of $855.94 in expenses incurred between March 11, 2010 and July 12, 2010 (the "First Application Period"). DSI's services during the First Application Period primarily involved a detailed analysis of the financial records and transactions of Embassy Holdings, LLC, a thorough investigation of the documents and principals involved in the proposed sale of Embassy Holdings, LLC, numerous communications and interactions with representatives for Dynegy and the Debtor, and the preparation of the Examiner's first report.

27. Also as stated above, DSI previously filed the Second Application requesting $65,440.00 of compensation for 263.0 hours of professional services and reimbursement of $91.51 in expenses incurred between July 13, 2010 and December 16, 2010 (the "Second Application Period"). DSI's services during the Second Application Period primarily involved a detailed analysis of the Debtor's financial records and transactions and preparation of a summary of cash receipts and disbursements in excess of $10,000, numerous communications and

interactions with representatives for Dynegy and the Debtor, and the preparation of the Examiner's second report.

## **DESCRIPTION OF EXPENSES INCURRED**

28. Applicant further requests reimbursement of DSI's actual out of pocket expenses of $127.48 advanced on behalf of the Debtor's Estate in connection with the services rendered by DSI during the Compensation Period (the "Expenses"). An itemization of expenses is attached as **Exhibit C** hereto and incorporated herein by reference.

29. The Expenses were reasonable and necessary in light of the services provided. These expenses included, among other things, photocopy, telephone, postage, overnight delivery service and travel-related charges, as identified on Exhibit C.

30. DSI maintains the following policies with respect to Expenses:

a) DSI uses FedEx or similar express mail delivery only for emergency or exigent circumstances (i.e., when next-day response from the recipient was necessary) and when less costly than other available alternatives in light of the time constraints involved.

b) In-house photocopying by DSI is charged at $.10 per page. To the extent practicable, DSI generally uses and will continue to use less expensive, outside copying services.

c) All expenses for which DSI seeks reimbursement are of the kind, and at the least expensive rate, DSI customarily charges non-bankruptcy/insolvency clients.

d) All amounts paid to third party providers of goods and services are billed by DSI at actual cost, without enhancements for handling or other administrative charges.

e) Any and all automotive travel expenses are billed in accordance with the amount allowed by the Internal Revenue Service pursuant to IRC §274(d) and the current applicable I.R.B. Announcement.

**BASIS FOR RELIEF**

31.     To grant a request for compensation pursuant to § 330 of the Bankruptcy Code, a court must find that such request is reasonable.  The Bankruptcy Code provides that the same considerations apply to an interim allowance of compensation under section 331 as to final allowances under § 330.  *See In re Public Service Co. of N.H.*, B.R. 823, 826 (Bankr. D.N.H. 1988); *In re International Horizons, Inc.*, 10 B.R. 895 (Bankr. N.D. Ga. 1981).

32.     The reasonableness of a compensation request is determined by the so-called "lodestar" method: "The Supreme Court has made it clear that the lodestar method of fee calculation is the method by which federal courts should determine reasonable attorney's fees under federal statues that provide for such fees." *Boddy v. United States Bankruptcy Court (In re Boddy)*, 950 F.2d 334, 337 (6th Cir. 1991); *see also In re White Motor Credit Corp.*, 50 B.R. 885, 890 (Bankr. N.D. Ohio 1985).  The lodestar amount is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rate of a professional.  *White Motor*, 50 B.R. at 890.  There is a strong presumption that the lodestar product constitutes reasonable compensation under section 330 of the Bankruptcy Code.  *See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air ("Delaware Valley I")*, 478 U.S. 546, 565 (1986); *In re Drexel \Burnham Lambert Group, Inc.*, 133 B.R. 13, 22 (Bankr. S.D.N.Y. 1991).  It is well settled that the "Lodestar method" is the best means of determining reasonable professional fees.[1]

33.     DSI's fees during both the Compensation Period and the Total Compensation Period were reasonable under the prevailing legal standard and should be allowed on a final

---

[1]  *See e.g.*, *Pennsylvania v. Delaware Valley Citizens Council for Clean Air*, 483 U.S. 711, on remand, 826 F.2d 238 (3d Cir. 1987); *Delaware Valley I*, 478 U.S. at 546; *United States Football League v. National Football League*, 887 F.2d 408, 413 (2d Cir. 1989), *Builders Inc. v. American Radiator and Standard Sanitary Corp.*, 487 F.2d 161 (3d Cir. 1973), on remand, 382 F. Supp. 999 (E.D. Pa. 1974), vacated on other grounds, 540 F.2d 102 (3d Cir. 1976); *Drexel Burnham Lambert Group*, 133 B.R. at 21; *In re Cena's Fine Furniture, Inc.*, 109 B.R. 575 (E.D.N.Y. 1990).

basis. The amount of these fees is reasonable given the size of the nature of the Examiner's investigation and the results of the Examination.

34. The Applicant has endeavored at all times to assign professionals to tasks commensurate with their level of experience and to avoid the unnecessary duplication of services. All time submitted by professionals reflect services rendered which required independent judgment and decision making. This Application requests no compensation for services which represent charges normally associated with the firm's overhead.

35. The Applicant has maintained records of the time expended in the performance of the professional services required by the Debtor, which records were made concurrently with the rendition of such professional services. As previously stated, the documentation reflecting the services performed, the time expended by each professional, and the hourly rate of each professional during the Compensation Period is annexed hereto as Exhibit B.

36. Further, in accordance with Fed. R. Bankr. P. 2016, no amount of the compensation requested herein for services has been shared and no agreement exists between DSI and any other entity for the sharing of compensation received by DSI in connection with this Chapter 11 case.

37. Section 330(a)(1)(B) of the Bankruptcy Code permits reimbursement for actual, necessary expenses. *See e.g.*, *White Motor*, 50 B.R. at 891-92. As noted above, DSI has conducted a review process to ensure compliance of expenses with the United State's Trustee's Guidelines regarding professional fees and expenses (the "UST Guidelines"). Accordingly, those expenses for which reimbursement is sought in this Application satisfy the standards presented by section 330(a)(1)(B) of the Bankruptcy Code and should be allowed.

**REQUEST FOR SHORTENED NOTICE**

38. DSI has provided four days' notice of this Final Application by serving copies on (i) the office of the United States Trustee; (ii) the Debtor's counsel; and (iii) all individuals registered with CM/ECF in this case.

39. DSI requests that the Court approve the shortened notice provided of the Final Application. Pursuant to Bankruptcy Rule 9006(c)(1), the Court has discretion to approve shortened notice for cause shown. Development Specialists, Inc. submits that cause exists to approve shortened notice because the Debtor's case may be converted to Chapter 7 or dismissed on May 12, 2011, which would delay or preclude DSI's ability to receive compensation and reimbursement of its expenses.

**CONCLUSION**

40. DSI has not entered into an agreement or understanding of any kind, expressed or implied, with any entity to share in its compensation received or to be received by DSI for services rendered to the Examiner in this case.

41. The Final Application is DSI's final application. Accordingly, pursuant to Section 330 of the Bankruptcy Code, DSI may present the Final Application.

WHEREFORE, Development Specialists, Inc. respectfully requests entry of an order:

(a) Granting the relief requested in this Final Application;

(b) Approving the form and manner of shortened notice as set forth above and finding that the notice of this Final Application was sufficient and proper;

(c) Approving DSI's fees in the amount of $3,198.00, as reasonable compensation for actual, necessary legal services rendered to the Examiner between December 17, 2010 and April 30, 2011;

(d) Approving DSI's out-of-pocket expenses in the amount of $127.48 as actual, necessary expenses incurred in connection with the legal services rendered to the Examiner between December 17, 2010 and April 30, 2011;

(e) Authorizing and directing the Debtor to pay DSI the sum of $3,325.48, which represents the total of DSI's allowed fees of $3,198.00 and expenses of $127.48;

(f) Approving on a final basis DSI's fees totaling $223,607.50 as reasonable compensation and costs totaling $1,074.93 as reimbursement of actual, necessary expenses during the period March 11, 2010 through April 30, 2011.

(g) For such other and further relief as this Court deems appropriate.

Dated: May 8, 2011

Respectfully submitted,

**DEVELOPMENT SPECIALISTS, INC.**

/s/ *Patrick J. O'Malley*
Patrick J. O'Malley
Development Specialists, Inc.
Suite 2300
70 West Madison Street
Chicago, Illinois 60602
Telephone: (312) 263-4141
Facsimile: (513) 263-1180
pomalley@dsi.biz

Examiner

*Prepared with assistance of*

R. Scott Alsterda (ARDC No. 3126771)
Patrick F. Ross (ARDC No. 6296461)
Ungaretti & Harris LLP
70 W. Madison Street, Suite 3500
Chicago, Illinois 60602
Telephone: 312-977-4400
Facsimile: 312-977-4405

*Counsel for Patrick J. O'Malley, as Examiner for the Bankruptcy Estate of Nachshon Draiman, Debtor*