UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| NACHSHON DRAIMAN, | ) | Case No. 09-17582 |
| | ) | |
| Debtor. | ) | |
| | ) | Hon. Timothy A. Barnes |

## COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION

Name of Applicant: Shaw Fishman Glantz & Towbin LLC

Authorized to Provide Professional Services to: Richard M. Fogel, Trustee

Date of Order Authorizing Employment: May 31, 2011, effective as of May 13, 2011

Period for Which Compensation is sought: October 1, 2013 – October 31, 2014

Amount of Fees sought: $11,706.50

Amount of Expense Reimbursement sought: $ 224.06

This is an: Interim Application ____    Final Application  X

This is the second application filed herein by this professional.

First interim award approved April 6, 2012:
Period: May 13, 2011- January 31, 2012
Compensation: $40,893.00
Expenses: $337.32
Disallowed: $0.00

Second award approved March 13, 2013
Period: January 4, 2012 – January 31, 2013
Compensation: $52,254.00
Expenses: $306.12
Disallowed: $0.00

Third interim award approved Nov. 13, 2013
Period: February 1, 2013-September 30, 2013
Compensation: $40,694.50
Expenses: $500.50
Disallowed: $0.00

Shaw Fishman Glantz & Towbin LLC

Date: October 21, 2014     By:  /s/ Richard M. Fogel

{10162-001 CVR A0387412.DOC}

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| NACHSHON DRAIMAN, | ) | Case No. 09-17582 |
| | ) | |
| Debtor. | ) | Hon. Timothy A. Barnes |

**FINAL APPLICATION OF SHAW FISHMAN GLANTZ & TOWBIN LLC, AS COUNSEL FOR THE CHAPTER 7 TRUSTEE, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Shaw Fishman Glantz & Towbin LLC ("Shaw Fishman"), counsel for Richard M. Fogel, not individually, but as chapter 7 trustee (the "Trustee") for the bankruptcy estate ("Draiman Estate") of Nachshon Draiman (the "Debtor" or "Draiman"), pursuant to Sections 330(a) and 503(b) of title 11, United States Code (the "Bankruptcy Code"), FED. R. BANKR. P. 2002(a)(6), 2016(a), and Local Bankruptcy Rule 5082-1, applies to the Court for the allowance of $11,706.50 in compensation for 26.50 hours of professional services rendered by Shaw Fishman as counsel to the Trustee (the "Final Compensation Request") for the period beginning October 1, 2013 through and including October 31, 2014 (the "Final Application Period") and the reimbursement of $224.06 for actual costs incurred incident to those services (the "Final Expense Request"). In support of this application (the "Application"), Shaw Fishman respectfully states as follows:

## INTRODUCTION

1.   On May 14, 2009 (the "Petition Date"), Draiman filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On May 13, 2011 ("Conversion Date"), the bankruptcy case of Draiman (the "Case") was converted to a case under chapter 7 of the Bankruptcy Code. Shortly thereafter, the Trustee was appointed as the interim chapter 7 trustee in the Case.

{10162-001 APPL A0387415.DOC}244910

2. On May 20, 2011, the Trustee filed his Application to Employ Shaw Fishman[1] as his counsel in connection with the Case (the "Retention Application"). On May 31, 2011, this Court entered an order granting the Retention Application (the "Retention Order") authorizing the employment of Shaw Fishman effective May 13, 2011.

3. This Court has core jurisdiction to hear and resolve this Application pursuant to 28 U.S.C. §§ 157(b) and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. On the Conversion Date, Draiman held interests in a number of businesses in the health care industry, as well as interests in an energy company and certain real property. Draiman also owned a variety of personal property.

5. On March 1, 2012, Shaw Fishman filed a request for interim compensation (the "First Compensation Request") in the amount of $40,893.00 for the period beginning May 13, 2011 through and including January 31, 2012 (the "First Application Period")[2] and the reimbursement of $337.32 for actual costs incurred incident to those services (the "First Expense Request").

6. During the First Application Period, Shaw Fishman had assisted the Trustee in analyzing, liquidating or abandoning most of the Debtor's assets.

7. On April 6, 2012, the Court entered an order awarding the First Compensation Request and the First Expense Request.

---

[1] At that time, the firm was knows as Shaw Fishman Glantz Wolfson & Towbin, LLC.

[2] A small number of time entries by Peter J. Roberts in January, 2012 were not billed at the time of the First Interim Application and were requested as part of the Second Interim Application.

{10162-001 APPL A0387415.DOC}                2

8. On February 19, 2013, Shaw Fishman filed a second request for interim compensation (the "Second Compensation Request") in the amount of $52,254.00 for the period beginning January 4, 2012 through and including January 31, 2013 (the "Second Application Period")[3] and the reimbursement of $306.12 for actual costs incurred incident to those services (the "Second Expense Request").

9. During the Second Application Period, Shaw Fishman had continued to assist the Trustee with the liquidation and abandonment of the property of the Estate, had assisted the Trustee in connection with the commencement of breach of contract and avoidance litigation to recover funds for the Estate and had assisted the Trustee with the employment and compensation of his professionals.

10. On March 13, 2013, the Court entered an order awarding the Second Compensation Request and the Second Expense Request.

11. On October 23, 2013, Shaw Fishman filed a third request for interim compensation (the "Third Compensation Request") in the amount of $40,694.50 for the period beginning February 1, 2013 through and including September 30, 2013 (the "Third Application Period") and the reimbursement of $500.50 for actual costs incurred incident to those services (the "Third Expense Request").

12. During the Third Application Period, Shaw Fishman had assisted the Trustee with (a) the prosecution of adversary complaints to recover funds for the Estate, (b) the sale or abandonment of the remaining property of the Estate, (c) applications for interim compensation for professionals, and (d) other administrative matters.

---

[3] A small number of time entries by Peter J. Roberts in January, 2012 were not billed at the time of the First Interim Application and were requested as part of the Second Interim Application.

{10162-001 APPL A0387415.DOC}    3

13. On November 13, 2013, the Court entered an order awarding the Third Compensation Request and the Third Expense Request.

14. The Trustee has now completed the administration of the Estate and has prepared a Final Report and Account.

## JURISDICTION

15. This Court has jurisdiction over the Case pursuant to Sections 157(b)(2)(A) and (O) and 1334 of title 28, United States Code. This is a core proceeding pursuant to Section 157(b)(2)(A) of title 28, United States Code. Venue is proper pursuant to Sections 1408 and 1409 of title 28, United States Code.

## SERVICES RENDERED BY SHAW FISHMAN

16. Throughout the Final Application Period, Shaw Fishman rendered 26.50 hours of legal and paraprofessional services in connection with its representation of the Trustee having an aggregate value of $11,706.50, for an average hourly rate of approximately $442. Shaw Fishman provided professional services to the Trustee which were consistent in scope to those authorized in the Retention Order. All of the services for which compensation is requested were services which, in Shaw Fishman's billing judgment, were necessarily rendered after due consideration of the expected costs and anticipated benefits of such services.

17. In an effort to provide the Court and parties in interest with understandable information concerning the amount and nature of Shaw Fishman' services during the Application Period, and in compliance with Local Bankruptcy Rule 5082-1, Shaw Fishman has classified its services into separate categories of services as follows:

| Description | Total Hours | Total Fees Incurred |
|---|---|---|
| Case Administration | 6.70 | $2,845.00 |
| Claims Resolution | 8.50 | $3,969.00 |

| | | |
|---|---|---|
| Employment/Compensation | 6.50 | $2,925.00 |
| Sale/Abandonment of Assets | 4.80 | $1,967.50 |
| **Total** | **26.50** | **$11,706.50** |

18. A detailed invoice (the "Invoice") containing time entries for each category is attached as <u>Exhibit A</u> to this Application. The following is a separate description of each of the Shaw Fishman categories, which generally describe the tasks performed. The Invoice provide detailed descriptions of all services rendered in each of the above categories and the timekeeper, date and amount of time expended in each category.

### Case Administration

19. Shaw Fishman expended 6.70 hours of professional services having a value of $2,845.00 in connection with services pertaining to general case administration. Services rendered by Shaw Fishman in this category consist of court appearances to present motions and applications for issuance of discovery, awards of interim compensation, and approval of an asset sale, the employment of special tax counsel and the resolution of claims.

### Claims Resolution

20. Shaw Fishman expended 8.50 hours of professional services having a value of $3,969.00 in connection with services pertaining to claims resolution. Services rendered by Shaw Fishman in this category relate to the settlement with the Internal Revenue Service concerning the audit of the Estate's 2011 federal income tax return and the voluntary reduction of the claim filed by the Liquidator for Jerusalem Enterprises.

### Employment/Compensation

21. Shaw Fishman expended 6.50 hours of professional services having a value of $2,925.00 in connection with services pertaining to the employment and compensation of the

{10162-001 APPL A0387415.DOC}    5

Trustee's professionals. Shaw Fishman' services in this category consist of drafting, filing, and serving applications to employ and pay interim and final compensation to the Trustee's attorneys, accountants and special tax counsel.

### Sale/Abandonment of Assets

22. Shaw Fishman expended 4.80 hours of professional services having a value of $1,967.50 in connection with services pertaining to the sale and abandonment of assets. Services rendered by Shaw Fishman in this category include the review of financial and legal documents concerning the Debtor's membership interests in the Burnham Healthcare entities, the preparation of a stalking horse sale agreement for a public auction and the drafting, filing and service of a motion to approve the sale process, whereby the Trustee recovered $650,000 for the Estate.

### Summary of Services Rendered By Professional

23. In summary, the total compensation sought for each professional with respect to the aforementioned categories is as follows:

| Professional | Position | Hourly Rate | Hours | Total Amount |
|---|---|---|---|---|
| Peter J. Roberts | Member | $475 | 6.60 | $3,135.00 |
| Richard M. Fogel | Of Counsel | $450 | 15.30 | $6,885.00 |
| Allen J. Guon | Member | $435 | 0.90 | $391.50 |
| John W. Guzzardo | Associate | $350 | 3.70 | $1,295.00 |

24. The hourly rates charged by Shaw Fishman compare favorably with the rates charged by other Chicago metropolitan firms having attorneys and paralegals with similar experience and expertise as the Shaw Fishman professionals providing services to the Trustee in connection with the Case. Further, the amount of time spent by Shaw Fishman with respect to the Case is reasonable given the difficulty of the issues presented, the time constraints imposed

by the circumstances, the amounts at stake, the sophistication and experience of opposing counsel and the ultimate benefit to the Draiman Estate.

25. Many of the issues presented by the Case have been legally and factually complex and the amounts at stake were significant. The results of Shaw Fishman' efforts in this regard have inured to the benefit the Draiman Estate and to the interests of its creditors. Given the criteria set forth in § 330, namely (a) the nature, extent and value of the services; (b) the time spent; (c) the rates charged for such services; (d) the performance of the services within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue or task addressed; and (e) the reasonableness of the services based on the compensation charged by comparably skilled practitioners in other bankruptcy and non-bankruptcy matters, Shaw Fishman respectfully submits that the requested interim compensation represents a fair and reasonable amount that should be allowed in full.

## EXPENSES

26. The actual and necessary costs expended by Shaw Fishman during the Third Application Period are detailed in Exhibit A. The requested reimbursement amount for expenses incurred is $224.06. All of the expenses for which reimbursement is sought are expenses that Shaw Fishman customarily recoups from all of its clients.

27. The specific expenses incurred during the Application Period for which reimbursement is requested are as follows:

| Category | Amount |
| --- | --- |
| Photocopy | $64.90 |
| Pacer Research | $4.60 |
| Federal Express/Shipping | $87.56 |
| Postage | $67.00 |
| **TOTAL:** | **$224.06** |

28. <u>Photocopy</u>:  Photocopy charges include internal and outsourced copies. Generally, Shaw Fishman makes all copies internally. All internal copies are billed at a rate of $0.10 per page. Where a large copy job may be more efficiently conducted by an outside copying service, Shaw Fishman charges the actual costs for expenses incurred. Outsourced copying services may include binding or color copying.

29. <u>Postage.</u> Shaw Fishman seeks reimbursement only for the actual out-of-pocket charges incurred by it for postage. Postage charges are recorded on a manual log at the time a mailing is done. The amount recorded reflects the total from the postage meter. This category includes out-of-pocket expenses incurred for federal express, shipping and messenger charges.

30. <u>PACER.</u> Shaw Fishman uses PACER to monitor docket activity and obtain documents filed with the Court without the necessity of a trip to the courthouse. Shaw Fishman makes no profit on PACER charges but merely passes through its research expenses to the Trustee.

31. <u>Federal Express/Shipping.</u> Shaw Fishman bills all of its clients for direct expenses incurred in connection with delivery of documents.

32. All expenses incurred by Shaw Fishman incidental to its services were customary and necessary expenses. All expenses billed to the Trustee were billed in the same manner as Shaw Fishman bills non-bankruptcy clients. Further, the expenses for which reimbursement is sought constitute the types and amounts previously allowed by bankruptcy judges in this and other judicial districts.

## COMPLIANCE WITH 11 U.S.C. § 504

33.     Other than as provided for and allowed by 11 U.S.C. § 504, there is no agreement between Shaw Fishman and any other firm, person or entity for the sharing of division of any compensation paid or payable to Shaw Fishman.

## NOTICE

34.     A copy of this Application has been served upon the parties on ECF service list. A notice of hearing has been served on all scheduled creditors. Shaw Fishman requests that this Court find the notice provided for herein sufficient and waive and dispense with any further notice requirements.

WHEREFORE, Shaw Fishman requests the entry of an order, substantially in the form attached hereto, that:

(a)     Allows Shaw Fishman $11,706.50 in final compensation for the Final Application Period;

(b)     Allows Shaw Fishman $224.06 in expense reimbursement for the Final Application Period;

(c)     Authorizes the Trustee to pay Shaw Fishman the entire amount of such allowed fees and expenses;

(d)     Confirms as final allowances the interim awards of compensation for the First, Second and Third Application Periods;

(e)     Waives other and further notice of the hearing with respect to this Application; and

(f)     Provides Shaw Fishman with such additional relief as may be appropriate and just under the circumstances.

Dated:  October 21, 2014

Peter J. Roberts (#6239025)
Richard M. Fogel (#3127114)
Shaw Fishman Glantz & Towbin LLC
321 North Clark Street, Suite 800
Chicago, IL 60654
(312) 541-0151

Respectfully submitted,

Shaw Fishman Glantz & Towbin LLC

By:  /s/ Richard M. Fogel

# EXHIBIT A

**SHAW FISHMAN GLANTZ & TOWBIN LLC**

321 North Clark Street, Suite 800
Chicago, IL 60654
(312) 541-0151

Fed Tax ID: 36-3844420

Invoice 15965
October 21, 2014

Richard M. Fogel Trustee for Nachshon Draiman
c/o Shaw Gussis
321 N. Clark Street
Suite 800
Chicago, IL  60654

ID: 10162-001 - RF

Re: Represent Chapter 7 Trustee / Nachshon Draiman

For Services Rendered Through  10/21/2014

**Please include Invoice Number with Payment**

| | | |
|---|---|---|
| Current Fees | 11,706.50 | |
| Current Disbursements | 224.06 | |
| **Total Current Charges** | | **11,930.56** |

**SHAW FISHMAN GLANTZ & TOWBIN LLC**

321 North Clark Street, Suite 800
Chicago, IL 60654
(312) 541-0151

Fed Tax ID: 36-3844420

Richard M. Fogel Trustee for Nachshon Draiman　　　　　　　　　　　October 21, 2014
I.D. 10162-001 - RF　　　　　　　　　　　　　　　　　　　　　　　　Invoice 15965
Re: Represent Chapter 7 Trustee / Nachshon Draiman

## Fees

| Date | Atty | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| **Case Administration** | | | | | |
| 10/15/13 | JWG | To court to present 2004 motion. (1.1) Preparation and coordination of service of subpoenas on accountants, Embassy J. Burnham. (.6) | 1.70 | 350.00 | 595.00 |
| 11/13/13 | RF | To court for hearing on interim compensation | 0.80 | 450.00 | 360.00 |
| 12/17/13 | RF | To court to present Burnham Healthcare sale motion; continued until 12/18 for auction sale | 0.80 | 450.00 | 360.00 |
| 12/18/13 | RF | To court to present revised Burnham sale order | 0.80 | 450.00 | 360.00 |
| 02/25/14 | RF | To court to present application to employ special tax counsel | 0.90 | 450.00 | 405.00 |
| 08/19/14 | RF | To court to present applications to compensate Arnstein & Lehr and Manning Silverman and motion to approve settlement with IRS | 0.90 | 450.00 | 405.00 |
| 09/23/14 | RF | To court for hearing on motion to approve compromise with IRS | 0.80 | 450.00 | 360.00 |
| | | **Case Administration Totals** | **6.70** | | **2,845.00** |
| **Claims Resolution** | | | | | |
| 06/06/14 | PJR | Review materials on Embassy abandonment and associated case authorities on nunc pro tunc abandonment and Court's power to clarify previous orders. | 1.60 | 475.00 | 760.00 |
| 06/09/14 | PJR | Confer with Trustee regarding abandonment issues and related IRS matters. | 0.30 | 475.00 | 142.50 |
| 06/10/14 | PJR | Further review of authorities on effect of abandonment in context of Trustee's abandonment of Embassy issues (1.5); draft and edit memorandum to Trustee on same (1.9). | 3.40 | 475.00 | 1,615.00 |
| 07/09/14 | RF | Prepare motion to approve compromise with Internal Revenue Service | 1.10 | 450.00 | 495.00 |
| 07/22/14 | RF | Prepare notices of hearing for fee applications and claims settlement | 0.20 | 450.00 | 90.00 |
| 08/07/14 | PJR | Confer with Trustee regarding IRS compromise issue. | 0.30 | 475.00 | 142.50 |
| 08/11/14 | PJR | Review pro forma distribution spreadsheet prepared by Trustee (.2); meeting with Trustee regarding same and IRS settlement issues (.4). | 0.60 | 475.00 | 285.00 |
| 09/26/14 | PJR | Review Trustee's correspondence with B. Hyman regarding potential claim objections. | 0.10 | 475.00 | 47.50 |
| 09/30/14 | AJG | Reviewed Yair Green claim and rider. | 0.60 | 435.00 | 261.00 |
| 10/01/14 | AJG | Conference with R. Fogel re: strategy with respect to addressing | 0.30 | 435.00 | 130.50 |

Page: 1

## Shaw Fishman Glantz & Towbin LLC

Richard M. Fogel Trustee for Nachshon Draiman  
I.D. 10162-001 - RF  
Re: Represent Chapter 7 Trustee / Nachshon Draiman

October 21, 2014  
Invoice 15965

| Date | Atty | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| | | Yair Green claim. | | | |
| | | **Claims Resolution Totals** | **8.50** | | **3,969.00** |

**Employment/Compensation of Professionals**

| Date | Atty | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 10/21/13 | RF | Prepare third applications, notices and orders for interim compensation for Shaw Fishman and Manning Silverman | 1.80 | 450.00 | 810.00 |
| 01/24/14 | RF | Prepare application to employ special tax counsel for IRS audit | 0.90 | 450.00 | 405.00 |
| 02/05/14 | RF | Revise application to employ special counsel | 0.30 | 450.00 | 135.00 |
| 07/22/14 | RF | Prepare final application for compensation for Arnstein & Lehr | 0.90 | 450.00 | 405.00 |
| 07/22/14 | RF | Prepare fourth interim application for compensation for Manning Silverman | 0.80 | 450.00 | 360.00 |
| 10/21/14 | RF | Prepare final fee applications for Shaw Fishman and Manning Silverman | 1.80 | 450.00 | 810.00 |
| | | **Employment/Compensation of** | **6.50** | | **2,925.00** |

**Sale/Abandonment of Assets**

| Date | Atty | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 10/21/13 | JWG | Review of subpoena deadlines and call to R. Fimoff, counsel for Bokor, re: same. (.2) | 0.20 | 350.00 | 70.00 |
| 10/22/13 | JWG | Call with R. Fimoff re: Bokar subpoena production. | 0.20 | 350.00 | 70.00 |
| 11/13/13 | PJR | Confer with Trustee regarding Burnham sale and associated issues. | 0.30 | 475.00 | 142.50 |
| 11/15/13 | JWG | Discussion with R. Fogel re: legal research of right of first refusal provisions. (.2) Legal research re: same. (1.1) | 1.30 | 350.00 | 455.00 |
| 11/18/13 | JWG | Legal research re: right of first refusal. | 0.30 | 350.00 | 105.00 |
| 11/20/13 | RF | Prepare sale agreement for Burnham membership interests (.7) Prepare sale motion (1.1) Forward drafts to Herzog for review and comment (.1) | 1.90 | 450.00 | 855.00 |
| 11/25/13 | RF | Finalize sale motion and prepare notice of sale hearing | 0.40 | 450.00 | 180.00 |
| 12/17/13 | RF | Revise sale order to reflect auction results and circulate to counsel | 0.20 | 450.00 | 90.00 |
| | | **Sale/Abandonment of Assets Totals** | **4.80** | | **1,967.50** |

| | | **Total Fees** | **26.50** | | **11,706.50** |
|---|---|---|---|---|---|

**Disbursements**

| Date | Description | | | | Amount |
|---|---|---|---|---|---|
| 10/31/13 | Postage; Postage for 10/01/13 - 10/31/13 | | | | 9.84 |
| 10/31/13 | Pacer Research; Docket; Subpoenas (JWG) | | | | 4.60 |
| 11/25/13 | Photocopy; Notice of Sale Hearing and Motion (C. Knez) | 39 | @ | 0.10 | 3.90 |
| 11/30/13 | Postage; Postage for 11/01/13 0 11/30/13 | | | | 13.68 |
| 12/18/13 | Federal Express/Shipping; Jerome A. Fink/Huntington Beach CA (R. | | | | 32.72 |

## Shaw Fishman Glantz & Towbin LLC

| | | | Richard M. Fogel Trustee for Nachshon Draiman | October 21, 2014 |
|---|---|---|---|---|
| | | | I.D. 10162-001 - RF | Invoice 15965 |
| | | | Re: Represent Chapter 7 Trustee / Nachshon Draiman | |

| Date | Description | | | Amount |
|---|---|---|---|---|
| | Fogel); FedEx | | | |
| 12/18/13 | Federal Express/Shipping; Paul Khanna/Axiom Technology Group/Des Plaines IL (R. Fogel); FedEx | | | 17.56 |
| 01/17/14 | Federal Express/Shipping; (RF); AT&T TeleConference Services | | | 17.17 |
| 07/24/14 | Photocopy; Motions and Notice (C. Knez) | 610 | @ 0.10 | 61.00 |
| 07/31/14 | Postage; Postage for 7/1 - 7/31/2014 | | | 43.48 |
| 09/26/14 | Federal Express/Shipping; Todd Slight/Internal revenue Service/Shiller Park (RF); FedEx | | | 20.11 |

| | | |
|---|---|---|
| | **Total Disbursements** | **224.06** |
| | **Total Fees and Disbursements** | **11,930.56** |
| | **Total Current Charges** | **11,930.56** |

**SHAW FISHMAN GLANTZ & TOWBIN LLC**

321 North Clark Street, Suite 800
Chicago, IL 60654
(312) 541-0151

Fed Tax ID: 36-3844420

| | | | | |
|---|---|---|---|---|
| Richard M. Fogel Trustee for Nachshon Draiman | | | | October 21, 2014 |
| I.D. 10162-001 - RF | | | | Invoice 15965 |
| Re: Represent Chapter 7 Trustee / Nachshon Draiman | | | | |

### Fee Recap

| | | Hours | Rate/Hour | Amount |
|---|---|---|---|---|
| Allen J. Guon | Member | 0.90 | 435.00 | 391.50 |
| Peter J. Roberts | Member | 6.60 | 475.00 | 3,135.00 |
| John W. Guzzardo | Associate | 3.70 | 350.00 | 1,295.00 |
| Richard M. Fogel | Of-Counsel | 15.30 | 450.00 | 6,885.00 |
| | **Totals** | **26.50** | | **11,706.50** |

**SHAW FISHMAN GLANTZ & TOWBIN LLC**

321 North Clark Street, Suite 800
Chicago, IL 60654
(312) 541-0151

Fed Tax ID: 36-3844420

Richard M. Fogel Trustee for Nachshon Draiman  
I.D. 10162-001 - RF  
Re: Represent Chapter 7 Trustee / Nachshon Draiman

October 21, 2014  
Invoice  15965

### Fee Recap by Task Code Description

| Task Code | Hours | Amount |
|---|---|---|
| Case Administration | 6.70 | 2,845.00 |
| Claims Resolution | 8.50 | 3,969.00 |
| Employment/Compensation of Professionals | 6.50 | 2,925.00 |
| Sale/Abandonment of Assets | 4.80 | 1,967.50 |
| **Total Fees** | **26.50** | **11,706.50** |

**SHAW FISHMAN GLANTZ & TOWBIN LLC**

321 North Clark Street, Suite 800
Chicago, IL 60654
(312) 541-0151

Fed Tax ID: 36-3844420

| | |
|---|---|
| Richard M. Fogel Trustee for Nachshon Draiman | October 21, 2014 |
| I.D. 10162-001 - RF | Invoice 15965 |
| Re: Represent Chapter 7 Trustee / Nachshon Draiman | |

## Disbursement Recap

| | Amount |
|---|---|
| Photocopy | 64.90 |
| Federal Express/Shipping | 87.56 |
| Pacer Research | 4.60 |
| Postage | 67.00 |
| **Total Disbursements** | **224.06** |