UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. 09-17582 |
| | ) | Chapter 7 |
| **Nachshon Draiman,** | ) | Hon. Timothy A. Barnes |
| Debtor. | ) | |

COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION
(Appendix to Rule 607)

Name of Applicant:    Manning Silverman & Co.

Authorized to Provide
Professional Services to:    Richard M. Fogel, Trustee

Date of Order Authorizing Employment: September 28, 2011
Period for Which
Compensation is Sought: August 1 – October 31, 2014

Amount of Fees Sought: $    3,198.00

Amount of Expense
Reimbursement Sought: $    0.00

This is an: Interim Application__    Final Application  XX

If this is *not* the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees and Expenses) | Total Allowed | Amount Disallowed |
|---|---|---|---|---|
| 3/2/12 | 11/14/11 – 12/15/11 | $7,065.00 | $7,065.00 | $0.00 |
| 11/28/12 | 04/01/12-11/01/12 | $30,255.00 | $29,213.00 | $1,042.00 |
| 10/23/13 | 11/13/12-09/30/13 | $23,335.00 | $23,335.00 | $0.00 |
| 07/23/14 | 11/1/13 – 7/31/14 | $20,669.00 | $20,669.00 | $0.00 |

The aggregate amount of fees and expenses *paid* to the Applicant to date for services rendered and expenses incurred herein is: $    80,282.00

Dated: October 22, 2014                                                           Manning Silverman & Co.

{10162-001 CVR A0334254.DOC 4}

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| In re: | Chapter 7 |
|---|---|
| Nachshon Draiman, | Case No. 09-17582 |
| Debtor(s) | Hon. Timothy A. Barnes |

## FINAL APPLICATION OF MANNING SILVERMAN & CO.
## FOR ALLOWANCE AND PAYMENT OF PROFESSIONAL COMPENSATION

Manning Silverman & Co. ("MSC"), the accountants for Richard M. Fogel, the Chapter 7 trustee (the "Trustee") for the estate of Nachshon Draiman (the "Debtors"), submits this Fourth Interim Application (the "Application") seeking allowance and payment of compensation and reimbursement expenses in the amount of $3,198.00 for the period of August 1, 2014 through October 31, 2014 (the "Final Application Period") pursuant to 11 U.S.C. §§ 330 and 503(b). In support of this Application, MSC states as follows:

### BACKGROUND

1. On May 14, 2009 (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code in this court. On May 13, 2011 (the "Conversion Date"), the Debtor's case was converted to a case under Chapter 7 of the Bankruptcy Code and the Trustee was appointed as the Chapter 7 trustee for the Debtor's estate (the "Estate").

2. On the Petition Date, the Debtor had ownership interests in a variety of assets (the "Interests"), including ownership interests in a number of corporations, partnerships and limited liability companies (the "Entities"). Prior to the Conversion Date, the Debtor had liquidated some of the Interests. The Trustee determined that he would need the advice and assistance of an experienced tax accountant in order to determine the tax consequences of the sales of the

Interests and to file federal and state income tax returns for the Estate for the 2011 tax year and all subsequent years.

3. On September 28, 2011, the Trustee was authorized to retain MSC to perform accounting services for the benefit of the Estate.

4. This court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## **REQUESTED FEES**

5. On March 2, 2012, MSC filed an application seeking interim compensation in the amount of $7,065.00 for the period of November 14, 2011 through December 15, 2011 (the "Initial Application Period"). During the Initial Application Period, MSC met with the Trustee and the Debtor to become familiar with the asset sales conducted prior to the Conversion Date and the remaining Interests to be sold or abandoned, MSC began research into the tax consequences of proposed transactions for the remaining Interests, and MSC began to evaluate the potential for amending the Estate returns for the year ending December 31, 2010 to reduce a chapter 11 administrative claim for an unpaid tax liability.

6. On April 4, 2012, the Court entered an order allowing the requested fees.

7. On November 28, 2012, MSC filed a second application seeking interim compensation in the amount of $30,255.00 for the period of April 1, 2012 through November 1, 2012 (the "Second Application Period"). During the Second Application Period, MSC assisted the Trustee with the liquidation and abandonment of some of the Interests, prepared federal and state income tax returns for the Estate for the year 2011and prepared an amended federal income tax return for the year 2010.

8. On December 21, 2012, the Court entered an order allowing $29,213.00 of the requested fees.

9. On October 23, 2013, MSC filed a third application seeking interim compensation in the amount of $23,335.00 for the period of November 13, 2012 through September 30, 2013 (the "Third Application Period"). During the Third Application period, the Estate's 2011 income tax return had been selected for an audit and MSC assisted the Trustee in responding to the auditor. During the Third Application Period MSC also prepared federal and state income tax returns for 2012.

10. On November 13, 2013, the Court entered an order allowing the requested fees.

11. On July 24, 2013, MSC filed a fourth application seeking interim compensation in the amount of $20,669.00 for the period of November 1, 2013 through July 31, 2014 (the "Fourth Application Period"). During the Fourth Application period, MSC assisted the Trustee and his special tax counsel in reaching a favorable resolution of the audit that was approved by the Court. During the Fourth Period MSC also prepared federal and state income tax returns for 2013.

12. On August 19, 2014, the Court entered an order allowing the requested fees.

13. MSC has continued to provide valuable legal services to the Trustee and the Estate during the Final Application Period. With the advice and assistance of MSC, the Trustee has filed final federal and state income tax returns for the Estate for the year 2014.

14. Pursuant to sections 330 of the Bankruptcy Code, MSC requests the allowance and payment of fees in the amount of $3,198.00 for these services, no amount of which has been previously paid.

15. The following professional(s) rendered services during the Final Application Period at usual and customary rates for matters of this nature:

| Professional | Hours Charged | Hourly Rate | Total Amount |
|---|---|---|---|
| Joel Manning | 3.0 | $350 | $1,050.00 |
| Rob Block | 7.3 | 260 | 1,898.00 |
| Admin | 2.0 | 125 | 250.00 |
| **TOTALS** | **12.30** | | **$3,198.00** |

Attached to this Application as Exhibit A is a detailed statement of the services rendered by MSC on behalf the Trustee during the Final Application Period. The statement contains a description of the particular services rendered and the amounts of time spent thereon at the current billing rates of MSC's professional(s) set forth above.

16. Given the criteria set forth in 11 U.S.C. § 330, namely (i) the nature, extent and value of the services, (ii) the time spent, (iii) the rates charged for such services, (iv) the performance of the services within a reasonable amount of time commensurate with the complexity, importance and the nature of the problem, issue or task addressed, and (v) the reasonableness of the services based on the compensation charged by comparably skilled professionals inside and outside of the bankruptcy context, MSC respectfully submits that its fees represent a fair and reasonable amount for the allowance of final compensation in this case.

## NO CONFLICTS OR SHARING AGREEMENT

17. No agreement or understanding between MSC and any third party exists for the purpose of sharing the compensation received for services rendered to the Trustee in connection with the Case.

18. MSC has not represented or held an interest adverse to the Trustee and is a "disinterested person" as defined in section 101(4) of the Bankruptcy Code.

{10162-001 APPL A0387377.DOC}    4

## NOTICE

19. A copy of this Application has been served on the Office of the United States Trustee, the Debtor and all counsel of record. A notice of the hearing on the Application was served on all scheduled creditors.

WHEREFORE, MSC requests the entry of an order that:

(a) allows and grants the Trustee authority to pay MSC $3,198.00 as final compensation for services rendered during the Final Application Period;

(b) confirms as final allowances the interim awards of compensation for the First, Second, Third and Fourth Application Periods;

(c) waives other and further notice of this hearing with respect to this Application; and

(d) grants MSC such additional relief as may be appropriate under the circumstances.

Respectfully submitted,

MANNING SILVERMAN & CO.

Dated: October 22, 2014

By: /s/ Richard M. Fogel
    Richard M. Fogel, Trustee

Richard M. Fogel (#3127114)
Shaw Fishman Glantz & Towbin LLC
321 N. Clark St., Suite 800
Chicago, IL 60654
Phone: (312) 541-0151

A



## Manning Silverman & Company
### CERTIFIED PUBLIC ACCOUNTANTS

175 Olde Half Day Rd, Suite 290
Lincolnshire, IL 60069
P: (847) 459-8850
F: (847) 537-8954
www.manningsilverman.com

October 21, 2014

Richard M. Fogel, Trustee
Shaw Gussis Fishman Glantz et. a.l
321 N. Clark Street, Suite 800
Chicago, IL 60654

Re: Nachshon Draiman Bankruptcy Estate

For Professional Services Rendered:

For accounting and tax services rendered for the period November 1, 2013 through July 31, 2014 including preparation of amended income tax returns for the year ended December 31, 2010 and 2011.

The following personnel performed the professional services indicated on the attached detail on behalf of the Estate:

|  | Hours | Rate | Amount |
|---|---|---|---|
| Joel Manning | 3.0 | $350/hr | $1,050.00 |
| Rob Block | 7.3 | $260/hr | $1,898.00 |
| Administrative | 2.0 | $125/hr | $ 250.00 |
| Total Due |  |  | $3,198.00 |

## Manning Silverman & Co.

Fee Schedule

| | |
|---|---|
| Partners | $350/hr |
| Managers | $260/hr |
| Supervisors | $150 - $200/hr |
| Staff | $150/hr |
| Paraprofessionals | $125/hr |

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLIOIS
EASTERN DIVISION

IN RE: NACHSHON DRAIMAN,           )   CHAPTER 7
                                   )
                                   )   CASE NO: 09-17582
                                   )
         DEBTOR                    )
                                   )   HON. JOHN H. SQUIRES

AFFIDAVIT OF JOEL MANNING

STATE OF ILLINOIS )
                  )
COUNTY OF COOK    )

I, Joel Manning, being first duly sworn on oath, depose and state:

1. I am a certified accountant licensed by the State of Illinois, and a partner in the accounting firm of Manning Silverman & Co.("MS&Co"), located at 175 Olde Half Day Road, Suite 290, Lincolnshire, IL 60069. This affidavit is offered in support of the Trustee's Application to Employ Accountants. The matters set forth herein are true and correct to the best of my knowledge and belief.

2. To the best of my knowledge, neither I, Manning Silverman & Co., nor any employee or partner of Manning Silverman & Co., hold or represent an interest adverse to the debtor or its estate within the meaning of Section 327(a) of the Bankruptcy Code.

3. To the best of my knowledge, I, Manning Silverman & Co., and all of its employees are disinterested as that term is defined in Section 101(14) of the Bankruptcy Code and used in Section 327(a).

4. To the best of my knowledge, neither I, Manning Silverman & Co., nor any of its employees or owners have any connections with the debtor, its creditors, the Trustee, the United States Trustee, any person employed in the office of the United States Trustee, or any other party in interest or their respective attorneys and accountants, within the meaning of Fed. R. Bankr. P. 2014(a), other than those set forth below:

   a. MS&Co and I have provided accounting and tax services in the past for Mr. Richard Fogel in connection with other Chapter 7 cases for which Mr. Fogel has been appointed as Trustee.

_____
Joel Manning

Subscribed and Sworn To
Before me this 20th day
Of October 2014

_____
Notary Public

"OFFICIAL SEAL"
LINDA MICKOW
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 9/15/2015